### T. F. STEVENSON v. MORRIS MACHINE WORKS.

1. CONTRACT. *Breach. Action for services.*

> Where defendant, a manufacturer, agrees to fill orders for engines to be sold by plaintiff, and to allow him a commission on all moneys realized from sales, and plaintiff finds purchasers, whose orders are secured and forwarded according to the agreement, there is an implied contract on the part of defendant to ship in a reasonable time, and, if through his fault in not doing so the sales are lost, plaintiff may recover damages for breach of the contract.

2. SAME. *Measure of damages.*

> In such case the stipulated commissions may not be recoverable *eo nomine*, but they will afford a measure of the damages.

FROM the circuit court of Lauderdale county.
HON. S. H. TERRAL, Judge.

Stevenson, the appellant, entered into a written contract with the Morris Machine Works, manufacturers of engines,

boilers, etc., in the state of New York, whereby he was to find purchasers for its engines in consideration of a certain commission on the price realized. All the expenses of making the sales were to be borne by plaintiff, and he was required, when sales were made on a credit, to take notes, payable to the Morris Machine Works, and written upon blanks furnished by it. Catalogues and price-lists were also furnished for the guidance of Stevenson, and he was to be paid his commissions whenever the engines sold were delivered and accepted by the purchasers and the purchase-money paid to appellee. On the receipt of orders the engines were shipped to the purchasers, bill of lading attached, and to be delivered on the order of the shipper after payment of the cash and execution of the notes for the purchase-money.

During the year 1890, Stevenson found certain persons willing to purchase appellee's engines, and took from them orders, which were promptly forwarded to appellee, but shipments were, by appellee, delayed so long that the purchasers declined to receive the engines, and the sales were lost. Stevenson brought this action against the Morris Machine Works to recover the amount of commissions he would have realized but for the alleged fault of defendant, whereby the sales were defeated. The trial resulted in a peremptory instruction for defendant. Judgment accordingly, and plaintiff appeals.

*Miller & Baskin*, for appellant.

When appellant found the purchasers and forwarded the orders, which were accepted, he had done all that was required of him. If, then, the sales were not completed, it was through the fault of the appellee. The agent in such case is entitled to his commissions. Wharton on Agency, § 725. After acceptance of the order, the principal cannot rescind. *Ib.*, §§ 316 (n), 325, 328. Appellee will not be allowed to profit by its own wrong. On the points involved see *Nagle* v. *McNorton*, 65 Miss., 197; 53 Ind., 294; 31 N. Y., 462; 38

Am. Rep., 441; *Roberts* v. *Kimmons,* 65 Miss., 332; 68 Pa. St., 42.

*McIntosh & Williams,* for appellee.

Stevenson did not obtain the notes of the purchasers and forward the same to appellee. The contract expressly provided that notes of a certain kind should be taken and forwarded, and, until this was done, the contract was not complete, and Stevenson was not entitled to any commissions. Besides, commissions were not to be paid until machinery was accepted by the purchasers, and the notes therefor paid. The conditions upon which Stevenson was to be paid his commissions have not been fulfilled.

CAMPBELL, C. J., delivered the opinion of the court.

This is an action to recover damages sustained by the plaintiff from an alleged breach of a contract made by the defendant with the plaintiff to fill orders he might obtain for the manufactured goods of the defendant; and it should have been left to the jury to find whether there was such a contract, and whether it was broken or not; and, if so, to award the damages shown to have resulted. It seems clear that there was an implied contract to ship goods in a reasonable time, and that this was not done in some instances, and that the plaintiff has a right to recover damages upon the case made by the record before us. He may not be entitled to commissions *eo nomine,* but he is entitled to damages measured by them, if he was unjustly prevented, by act of the defendant, from getting his commissions, as they would have accrued if the defendant had performed his contract.

*Reversed, and remanded for a new trial.*