CENTRAL TRUST CO. v. EAST TENNESSEE LAND CO. et al. (FORD, EATON & CO., Interveners).

SCHUMACHER et al. v. SAME.

(Circuit Court, E. D. Tennessee. March 6, 1897.)

1. EQUITY—MASTER'S REPORT.
    The report of a master upon a question referred to him will not be disturbed, except in case of clear error.

2. RECEIVERS OF CORPORATIONS—DISAFFIRMANCE OF CONTRACTS.
    The receiver of an insolvent corporation is not bound to carry out its executory contracts, unless he elects to do so for the best interests of the estate in his charge, and such a contract cannot be enforced against a receiver who has not signified his adoption of it, but has resisted its enforcement.

3. SALE OF LAND—ACTION FOR DAMAGES.
    The vendor of land contracted to be sold to a corporation which has since become insolvent, and whose estate is being administered, in case the receiver elects not to go on with the contract, has a claim in damages for the breach, but it is a claim at large, and not accompanied by a vendor's lien.

Upon the Intervening Petition of Ford, Eaton & Co.

White & Martin, for Ford, Eaton & Co.

Geo. W. Easley and Prichard & Sizer, for East Tennessee Land Co.

SEVERENS, District Judge. In this case the petitioners seek to recover the purchase price of some land which the petitioners claim to have sold to the East Tennessee Land Company by executory contract prior to the commencement of this suit, and for the enforcement of an alleged vendor's lien upon the land so sold. The master to whom this and other matters were referred has reported against the petitioner, placing his decision upon the lack of a good title in the petitioners. As appears from the facts disclosed, there are several questions of doubt in regard to whether the petitioners are entitled to recover, and, if so, whether upon the footing of the contract for the contract price, or whether they would be limited to damages consisting of the difference between the contract price and the actual value of the land. The petition cannot be treated as one for the specific performance of the contract, for that has already been denied by a former decree of this court, so that their footing here must stand upon the right in a common-law suit to recover damages to which they may be entitled, that remedy being reserved to them. There is some controversy in the decision of the courts upon the question whether a vendor, upon tendering a deed which is refused by the vendee, can recover the contract price; and in some quarters it is held that, inasmuch as a common-law court has no authority to compel a specific performance, and the result of the suit will be to leave the title in the vendor, the proper measure of damages is the difference between the contract price and the value of the land. This question arises in the present instance, for there would be no vendor's lien for mere unliquidated damages resulting from the refusal of the vendee to go on with the contract. Practically, the present suit to compel payment of the purchase money upon tender of conveyance, with a prayer for the enforcement of a vendor's lien, amounts to a suit for specific performance. Another question of doubt and of difficulty is whether the execution of a deed by one of two executors in whom a former owner of the land vested a power of sale was valid, or was capable of confirmation by the separate act of the other executor, performed several years later. Other objections are raised by the receiver, which I will not stop to consider.

It appears from the foregoing statement that the question of the sufficiency of this title was fairly a matter for determination by the master. The rule applicable to a master's report is that it will not be disturbed except in case of clear error; and it seems to the court that the petitioner does not show such a state of the case as would warrant the court, under this rule, to reverse the master's decision. Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355; The Cayuga, 8 C. C. A. 188, 193, 59 Fed. 483. But there is another ground which is not stated expressly as a ground of his action by the master, but which, nevertheless, is apparent upon the facts of the case. This contract, when the receiver

was appointed, was executory. The receiver was not bound to execute that contract, but might adopt it or not, as he should think for the best interests of the estate committed to his charge. Being in charge of an insolvent estate, he could elect whether he would execute the contract, or abide the damages resulting from its breach; and in exercising his discretion he may properly take into account the equities of the holders of other unperformed obligations of the East Tennessee Land Company. Wabash W. Ry. Co. v. United States Trust Co., 150 U. S. 287, 14 Sup. Ct. 86; Dushane v. Beall, 161 U. S. 513, 515, 516, 16 Sup. Ct. 637. He has at no time signified his adoption of the contract, but, on the contrary, has resisted its enforcement. No doubt, there would still be left to the vendor a claim in damages for the breach of the contract if at the time when it went into insolvency and was transferred to the receiver a cause of action had arisen; but this would be a claim at large, and would not be accompanied by a vendor's lien. If the petitioner in this case was proceeding for relief of that kind, it ought probably to be allowed; but, as that is not the object of the petition, and would, in the existing state of the main case, be substantially fruitless, it is not supposed to be worth while to deal with the petition on that aspect further. For the reasons above stated, the exception to the master's report will be overruled.