### HAMBURGER & DREYLING v. W. W. THOMAS.

#### No. 2036.   Decided March 30, 1910.

**1.—Agency—Sale of Land—Commissions—Title.**

An agent, who has found a purchaser for land under a contract with the owner for a commission, on its sale, by which the owner agrees to furnish an abstract and "clear title" to the purchaser, is entitled to his commissions where the purchaser refuses to carry out the trade because the owner can not show good title.   (P. 284).

**2.—Same—Binding Contract.**

The land agent has earned his commissions where he produces a purchaser willing to complete the trade on the terms offered or one who makes a binding contract to do so; it is not necessary that both willingness and contract concur; and it is immaterial that the contract made by the· owner with the proposed purchaser bound the latter in the alternative, to buy or forfeit a deposit of earnest money, if the latter refused to complete, not by availing himself of the alternative, but because being willing to complete, he was dissatisfied with the title offered.   (Pp. 284, 285).

**3.—Same—Clear Title.**

To justify a refusal to comply with an agreement to purchase land to which the seller has undertaken to give clear title, it is not necessary that the title be bad; it is enough that it does not appear that it is good.   (P. 285).

**4.—Same—Defect—Execution Sale—Judgment.—Service by Publication.**

A sale under execution on a personal judgment obtained by citation by publication is insufficient to show clear title in the purchaser in the absence of proof that the defendant in judgment was a resident of the State.   (P. 285).

**5.—Same—Title by Limitation.**

It is questioned whether a purchaser, who has contracted for a clear title, can be required to accept one dependent on proof of title in the seller by limitation, but, if so, such proof is here held insufficient.   (P. 285).

Error to the Court of Civil Appeals for the Fourth District in an appeal from Harris County.

Thomas sued Hamburger & Dreyling for commissions due for negotiating a sale of land, and recovered judgment. Defendants appealed and on affirmance obtained writ of error.

*J. W. Lockett,* for plaintiffs in error.—It is at least incumbent on the broker, in order to recover, to allege and prove that he negotiated a sale to a purchaser who actually consummated the purchase; or that he procured a customer who entered into an enforcible contract binding himself to purchase and pay for the property on the terms and conditions on which the broker was authorized to sell, whereby such customer could be compelled to perform his contract to buy the land; or that he procured a customer ready, willing and able to purchase on the terms proposed by the defendants and offering to do so, and that such offer was then communicated to the defendants and they refused to sell. If the broker fails in any particular to so allege and prove he can not recover, there is no question of fact to be submitted to the jury, and the court should instruct a verdict for the defendants. Wilson v. Ellis, 106 S. W., 1152; Runck v. Dimmick, 111 S. W., 779; Pryor v. Jolly, 91 Texas, 86; Clark v. Wilson, 41 Texas Civ. App., 450; notes to Lunney v. Healey, 44 L. R. A., 595; Thornton v. Stevenson, 31 S. W., 233; Brackenridge v. Claridge, 91 Texas, 532; Roberts v. Clark, 103 S. W., 417; Burch v. Hester, 109 S. W., 399; Colburn v. Seymour, 2 Am. & Eng. Ann. Cases, 182; Crowe v. Trickey, U. S. (Co-op. ed.), 51, p. 454; 8 Ballard, Real Property, 877; 19 Cyc. (Factors and Brokers), 251, 255; Moss & Raley v. Wren, 120 S. W., 847.

Where plaintiff is employed to sell property by contract which provides that his compensation is to be whatever sum in excess of a named price he may sell the property for, and that it is to be paid out of the first payment made by the purchaser, it is essential to the plaintiff's case that he allege and prove that a sum in excess of that named has been obtained by defendants for the property on a sale negotiated by plaintiff. Seattle Land Co. v. Day, 2 Wash., 451; Cremer v. Miller, 56 Minn., 52; Pryor v. Jolly, 91 Texas, 86; Kiam v. Turner, 21 Texas Civ. App., 417; Lyle v. University L. & S. Co., 30 S. W., 723; Thornton v. Stevenson, 31 S. W., 233; Pape v. Romy, 16 Ind. App., 470; 3 Dec. Dig., p. 1748, n. N. Y. Supp., 1902; Ford v. Brown, 52 Pac., 817; Gunn v. Bank, 33 Pac., 1105.

Where a personal money judgment was rendered in the District Court of Harris County in 1852 for plaintiffs against defendant, reciting that the defendant was duly cited by publication and not reciting whether the defendant was a resident or nonresident of Texas at the time, and an execution issued thereon in 1853, and sale was made by the sheriff under such execution, and deed executed in due form in 1853, and such judgment and sale was not set aside nor attacked directly, it will be held that the title passed, and now, more than fifty years thereafter, such judgment is not subject to attack, either directly or collaterally, and such judgment is neither void nor voidable, and the fact that it recites that the defendant was duly cited by publication does not show any defect in the title of those claiming through the sale thereunder. Martin v. Burns, 80 Texas,

678; Treadway v. Eastburn, 57 Texas, 211; Fitch v. Boyer, 51 Texas, 344; Murchison v. White, 54 Texas, 81; Tennell v. Breedlove, 54 Texas, 540; Odle v. Frost, 59 Texas, 686; Lawler v. White, 27 Texas, 250; Davis v. Robinson, 70 Texas, 396; Williams v. Haynes, 77 Texas, 283; Gunter v. Armstrong, 2 Civ. App., 601; 1 Black on Judgments, sec. 227; Irwin v. Bexar County, 63 S. W., 550; Fleming v. Seeligson, 57 Texas, 532; Johnson v. Sharpe, 34 S. W., 1010; De Camp v. Bates, 37 S. W., 645; McCray v. Freeman, 43 S. W., 39; Miller v. Miller, 21 Texas Civ. App., 382.

The burden was on plaintiff to prove that defendants did not have clear title. Brackenridge v. Claridge, 91 Texas, 532.

Where plaintiff sues upon a contract which employs him to sell property and provides a compensation for selling the property, he is not entitled to compensation for procuring a customer to take an option which does not result in a sale, and procuring an option is not making a sale. Runck v. Dimmick, 111 S. W., 779; Wilson v. Ellis, 106 S. W., 1152; Brackenridge v. Claridge, 91 Texas, 532; Clark v. Wilson, 41 Texas Civ. App., 450; Ballard on Real Property, vol. 8, 877, and vol. 10, 611; Moss & Raley v. Wren, 120 S. W., 847; 3 Dec. Dig., pp. 1723 (b), 1724 (f), (g), (h).

In Texas a title by limitation is a good legal title, and one who contracts for title in general is as much bound to accept a title by limitation as a record title, and if he desires to be relieved of accepting title by limitation he must provide against it in his contract. Rev. Stats., art. 3347; MacGregor v. Thompson, 7 Texas Civ. App., 32; Lamberida v. Barnum, 90 S. W., 698; York v. Hutcheson, 37 Texas Civ. App., 367; Burton v. Carroll, 96 Texas, 320; Travis v. Hall, 95 Texas, 116; 2 Ballard on Real Property, 711; Jones v. Hanna, 24 Texas Civ. App., 550.

*S. H. Brashear*, for defendant in error.—It is sufficient if the broker alleges and proves that he procured a customer who actually purchased on terms and conditions satisfactory to, and which were accepted by, the owners, and paid part of the purchase money, and who entered into a contract binding upon him to pay the balance, or liquidated damages, provided the owners complied with their part of the contract, and that said terms and conditions were satisfactory to, and were accepted by the owners, they being unable to close the trade on account of being unable or unwilling to fulfill said terms and conditions. Gilder v. Davis, 137 N. Y., 504, 20 L. R. A., 398; Leete v. Norton, 43 Conn., 219; Parker v. Estabrook, 68 N. H., 349; Mattes v. Engel, 15 S. Dak., 330; Koch v. Streuter, 218 Ill., 546; Ward v. Cobb, 148 Mass., 518.

It is sufficient that the broker procured a customer ready, willing and able to purchase on terms and conditions which were acceptable to and ratified by the owner, and where the intending purchaser evidenced his willingness and readiness to make the purchase on the conditions stated, and the owner was unwilling or unable to comply with such conditions. Graves v. Bains, 78 Texas, 94; Conkling v. Krakauer, 70 Texas, 739; Wilson v. Clark, 9 Texas Ct. Rep., 512; Gilder v. Davis, 137 N. Y., 504, 20 L. R. A., 398; Parker v. Walker

(Tenn.), 8 S. W., 393; notes to Gilder v. Davis, 20 L. R. A., 398, et seq.; Gelatt v. Ridge (Mo.), 23 S. W., 884; Smith v. Schiele, 93 Cal., 144; Mattes v. Engel, 15 S. Dak., 330, 44 L. R. A., 593, 616, 618 and 619, also pages 625 and 626; Wilson v. Mason, 158 Ill., 304; Roche v. Smith, 58 N. E., 154.

Where the broker alleges and proves that he actually sold the property to a purchaser who was accepted by the owner, upon terms and conditions satisfactory to the owner, and who actually paid a part of the purchase money, and was ready, willing and able to pay the balance upon compliance by the owner with their agreement to make a good title, the broker has earned his commission, and it is unnecessary for him to allege or prove that he procured an enforceable contract, or that he procured a customer ready, able and willing and offering to purchase on the identical terms originally proposed, or that any such offer was communicated. Graves v. Bains, 78 Texas, 94; Evans v. Gay, 74 S. W., 575; Gwinnup v. Sibert, 80 S. W., 590; Gilder v. Davis, 137 N. Y., 504; Gelatt v. Ridge, 23 S. W., 884; Smith v. Schiele, 93 Cal., 144.

Where the broker has a contract for a certain compensation for procuring a customer to purchase on certain terms and conditions, and he procures a purchaser who agrees to purchase under modified terms and conditions, and to whom the owner actually sells, and from whom he actually receives a part of the purchase money, and whose contract he ratifies and accepts, it is not necessary for the broker, in order to recover his compensation, to allege or prove that he complied with the very terms of the original contract. Graves v. Bains, 78 Texas, 94; Conkling v. Krakauer, 70 Texas, 739; Wilson v. Clark, 9 Texas Ct. Rep., 512; McGavock v. Woodlief, 20 How., 22; Stewart v. Mather, 32 Wis., 344; Levy v. Coogan, 9 N. Y. Supp., 534; Potvin v. Curran, 14 N. W., 400; Lockwood v. Halsey, 41 Kan., 166; Cook v. Fiske, 12 Gray, 493; Rice v. Mayo, 107 Mass., 550; Coleman v. Meade, 13 Bush., 358; Keys v. Johnson, 68 Pa. St., 43; Jones v. Adler, 34 Md., 440; Lincoln v. McClatchie, 36 Conn., 136; Gilder v. Davis, 137 N. Y., 504; Lawson v. Thompson, 10 Utah, 462; Parker v. Walker (Tenn.), 8 S. W., 393; Gelatt v. Ridge (Mo.), 23 S. W., 884; Smith v. Schiele, 93 Cal., 144; Whart. Ag., sec. 329; 44 L. R. A., pages 593, 616, 618, 619, 625, 626. (Annotations.)

That a provision for good or clear title means good or clear evidences of title. 6 Am. & Eng. Enc. of Law, 109; 14 Am. & Eng. Enc. of Law, 1078.

A personal judgment, for money, having been rendered against Fitzgerald in 1852, and the judgment reciting on its face that the defendant was cited by publication, such judgment was absolutely void, unless Fitzgerald was a resident of Texas at the time of the service and judgment; and such being the case, a title depending upon a sale under an execution issued under said judgment, would not be good until and unless there were positive evidence of Fitzgerald's residence in Texas at such times. Galpin v. Page, 18 Wall., 350; Pennoyer v. Neff, 95 U. S., 714; Mastin v. Gray, 19 Kan., 458, 27 Am. Rep., 149; 17 Am. & Eng. Enc. of Law (2d ed.), 1078.

There being no testimony that there was in fact any cultivation,

use or enjoyment of the property during the time it was claimed to have been held, and there being no testimony showing that the supposed possession was continuous and uninterrupted, the court properly refused the charges on limitation. Necessity for proof of continuous possession and use. Woods v. Hull, 90 Texas, 229; Sterrett v. Middleegge, 44 Texas, 538, 539; Smith v. Estill, 87 Texas, 269; Phillipson v. Flynn, 83 Texas, 583; Pendleton v. Snyder, 5 Texas Civ. App., 430; Harnage v. Berry, 43 Texas, 569; Sharrock v. Ritter, 45 S. W., 156; Mosley v. Withie, 26 Texas, 720.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The nature of this case and its facts are fully stated in the opinion of the Court of Civil Appeals, 118 S. W., 770.

In the writing evidencing the employment of defendant in error (hereafter called plaintiff) by plaintiffs in error (hereafter called defendants) to sell the described land, they agreed, among other things, that if he would sell the property they would furnish "an abstract of title up to date of sale and clear title to purchaser" and that plaintiff should receive for his services "whatever sum in excess of $12,000 he may sell the property for out of the first payment made by purchaser." The plaintiff entered into negotiations with James A. Baker as a result of which the latter decided to buy the land, if satisfied with the title, for the cash price of $13,500, and was able and willing to buy at that price. It is made plain that he would have bought but for the fact that an examination made in good faith on the evidences of title produced by defendants did not satisfy him of its soundness. So it appears that the sale negotiated by plaintiff was defeated solely by the failure of defendants to make good their stipulation to furnish a clear title to the purchaser. When these simple facts, established by the verdict of the jury, are disentangled from the contentions 'in which the case has been enveloped, there is no difficulty in seeing that the plaintiff had done all he was required by the contract to do towards the completion of the sale; in short, had rendered the service he was employed to render, and that the sale was defeated through the fault of the defendants. It ought to require no argument or authority to establish his right to the compensation, but the following establish the principle controlling: Holden v. Starks, 159 Mass., 503; Reed v. Light, 85 N. E. (Ind.), 9; Carter v. Simpson, 130 Ill. App., 328; Vaughan v. McCarthy, 59 Minn., 199; Buckingham v. Harris, 10 Colo., 459; Finnerty v. Fritz, 5 Colo., 178; Parker v. Walker, 86 Tenn., 566, 569.

The chief ground of defense is the fact that the writing copied in the opinion of the Court of Civil Appeals, which was executed by the defendants and Baker, did not bind the latter to take the property, but left to him the alternative, even if he should approve the title, either to take it or to forfeit the $1000 deposited. There would be more force in this if the title had proved satisfactory and Baker had exercised his right to recede from the trade by forfeiting the money deposited. In such case there would have been neither a willingness to buy nor an enforceable contract to buy, one or the other

of which conditions would be essential to the broker's right to compensation. But the latter condition is not essential where the first exists and the sale is defeated by the owner of the property. The question whether or not the plaintiff performed the service called for by the contract, is not wholly dependent upon the writing executed between the owners of the property and the proposed purchaser. The fact that the latter really was willing and able to buy and would have bought, notwithstanding he was at liberty not to do so, had he not been prevented by the defendant's failure to produce proper evidence of title must be regarded as controlling and as dispensing with the necessity of a binding contract to purchase which might otherwise have existed. The case differs from those in which there is no evidence of the rendering of the service by the broker but the granting of an option to the so-called purchaser, in the fact that a purchaser was found by plaintiff, a sale to whom was prevented only by the fault of the owner.

But it is contended that the sale was not defeated by any real defect in the title. It is true that the evidence does not show that the title was bad. That was not Baker's contention. It was that the evidences furnished did not show the title to be good; and it was to that defendants were obligated by both their contracts, that with plaintiff and that with Baker. Upon the question thus stated the findings of the jury are in favor of the plaintiff and the question as to title left open by the evidences furnished by defendants were, in our opinion, such as to justify a prudent buyer in refusing to complete the purchase. One of the links in the title was a sale under execution issued upon a personal judgment for money based on service by publication, and it did not appear, and defendants furnished no evidence to show, whether or not the person so cited was a citizen or resident of Texas. The validity of the entire proceeding depended on the answer to that question, and, without evidence that the fact was such as to make the judgment valid, defendants could not be said to have furnished an abstract showing a clear title. Nor can it be said, in opposition to the verdict, that the evidence of title by limitation was such as to require a purchaser to accept it, if that could be said of any claim of title by limitation. All of the objections to this recovery are met by the fact that defendants, by their written contract with plaintiff and with the broker, bound themselves to furnish an abstract showing clear title and that the sale negotiated by plaintiff fell through solely because of their failure to do so; and it is unnecesary that we discuss propositions and authorities applicable to different states of fact.

*Affirmed.*