[No. 9385.  Department One.  June 23, 1911.]

## Hans Pederson, *Plaintiff*, v. North Yakima & East Selah Irrigation Company, *Appellant*, C. A. Bryant *et al.*, *Respondents*.[1]

Brokers—Right to Commissions—Payment — Performance by Owner. Although a broker's contract provided that it should receive its commissions out of payments made by purchasers on contracts for land and water rights, the owner is liable for the whole commissions where the owner breached its contract to furnish water and the payments were not made because of the owner's failure to perform.

Corporations—Transaction Between Member and Company—Deeds—Failure of Consideration—Cancellation. Where a deed by a stockholder to an irrigation company, made in good faith upon the advice of an attorney, in consideration of water rights for certain lands, is held void as against public policy, and the consideration fails through inability of the company to furnish the water, the grantor is entitled to a reconveyance of the land.

Appeal from an order of the superior court for King county, Frater, J., entered October 19, 1910, allowing a claim against an insolvent corporation, after a hearing before the court.  Affirmed.

*Blaine, Tucker & Hyland*, for appellant.

*McClure & McClure, Humphries & Cole*, and *Aust & Terhune*, for respondents.

Gose, J.—The North Yakima & East Selah Irrigation Company, the appellant, was incorporated in January, 1908. Its object was to sell arid land, together with water for its irrigation.  Its assets passed into the hands of a receiver on March 12, 1909.  In September, 1908, it entered into a contract with the Inland Realty & Investment Company, a corporation, hereafter called the claimant, whereby it gave the latter the exclusive right to sell certain of its land, together with water for its irrigation.  The claimant proceeded

[1]Reported in 116 Pac. 279.

to make contracts for the sale of the land and water in harmony with its contract. At the time of the appointment of the receiver, it had made contracts of sales which, if carried out by the appellant, entitled it to commissions aggregating $25,056.67. Its claim for this amount was presented to the receiver and was, after hearing, allowed by the court. No part of this commission has been collected by the appellant. This appeal is prosecuted from an order allowing the claim.

The contract between the appellant and the claimant provided that "first party [the appellant] is in no manner liable to second party [the claimant] for the amount due second party on the purchase price of said land, and shall be liable only for the portion of each of said purchase money installments coming to second party, as the same may be collected by the first party, and not otherwise." It further provided that the purchasers should make the second payment upon their land and water contracts when water was delivered by the appellant in lateral ditches contiguous to the tracts sold.

The appellant contends that the court erred in allowing the claim. The evidence shows that the purchasers were able and willing to perform, and to make the payments as stipulated in their contracts, and that they did not do so on account of the failure of the appellant to deliver water to the land as it had agreed to do. The clause quoted would be controlling if the loss of the commissions was attributable to the default of the purchasers, but that is not the case before us. The claimant has lost its commissions through the default of the appellant. It has broken both the letter and the spirit of its contract, with both the claimant and the purchasers, and upon the plainest principles of right and justice, it must be held responsible to the claimant for its loss. The commissions were due upon duly executed contracts of sale. The claimant's right is not defeated by the appointment of the receiver. 34 Cyc. 266; *Central Trust Co. v. East Tennessee Land Co.*, 79 Fed. 19; *Everett v. Gores*, 89 Wis. 421, 62 N. W. 82; *Chemical National Bank v. Hartford Deposit Co.*,

161 U. S. 1. In principle the case does not differ from one where one party sells an article to another upon the agreement that it shall be paid for in goods to be manufactured by the purchaser. If the purchaser defaults, he is liable in damages for the value of the article sold.

The appellant corporation was organized by Clark O'Brien and C. A. Bryant, the former owning two-thirds and the latter one-third of its capital stock. Thereafter, before the appointment of the receiver, Bryant transferred his stock to O'Brien, and conveyed to the appellant a right of way over certain of his land for a spillway, O'Brien agreeing to pay him $500 on terms and $35,000 in water rights. These water rights were evidenced by a power of attorney executed by the appellant to Bryant, and by contract between the appellant, acting through O'Brien as its president and sole stockholder, and Bryant, by which the appellant agreed to furnish the latter water to irrigate 590 acres of land described in the power of attorney. The contract provided that the water rights should be superior to any mortgage or other lien upon or against the water system. The appellant defaulted in its contract to furnish water to Bryant, and he presented a claim to the receiver for the sum of $32,452, claiming that the contracts referred to gave him a first lien upon the appellant's irrigation system. The appellant moved the court to disallow the claim, on the ground that the contracts were "void as a fraud upon the rights" of the appellant. The claim was disallowed on that ground, but the court ordered the receiver to reconvey to Bryant and his wife the right of way for a spillway which they had theretofore conveyed to appellant. The correctness of this order is also challenged by the appeal. The record discloses that Bryant and his wife entered into the several contracts mentioned in good faith, and that they relied upon the advice of their attorney, who was also at the time the attorney for the appellant. If the contracts which furnished the consideration for the deed conveying the right of way for the spillway were

void as to the appellant, upon the ground of public policy or otherwise, Bryant acting in good faith was entitled to a reconveyance of the right of way. Under the view taken by the court, the consideration for the deed had failed, and the court was right in directing the receiver to reconvey. When Bryant assigned his stock to O'Brien, the latter became the sole stockholder of the appellant, and was in truth and fact the corporation.

The judgment is affirmed.

DUNBAR, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.