HALLIBURTON *et al. v.* CRICHTON *et al.*[*]

(Division B.   March 14, 1927.)

[111 So. 743.   No. 26309.]

1. EXECUTORS AND ADMINISTRATORS. *Bill alleging sale by brokers was not consummated through fault of deceased owner held to state cause of action against deceased's estate.*

   Bill against executor and heirs at law to recover damages from decedent's estate for breach of contract to sell lands of deceased *held* to state cause of action, in that it sufficiently alleged that sale of land was not consummated through fault and neglect of the owner after purchaser had been procured by brokers.

2. EXECUTORS AND ADMINISTRATORS. *Creditor who had properly registered claim may file bill in chancery for sale of lands of estate to pay debts (Hemingway's Code, section 1737).*

   Under Code 1906, section 2070 (Hemingway's Code, section 1737), creditor of decedent whose claim had been properly probated and registered may file bill in chancery court for sale of lands of estate to pay debts, where there was no personal property situated within state for that purpose.

3. VENUE. *Impropriety of venue appearing on face of bill must be raised by plea or special demurrer.*

   Where impropriety of venue appears on face of bill, question of venue must be raised by plea or special demurrer.

---

[*]Corpus Juris-Cyc. References: Brokers, 9CJ, p. 579, n. 45; Executors and Administrators, 24CJ, p. 558, n. 56; p. 559, n. 58; p. 842, n. 93; Venue, 40Cyc, p. 108, n. 59, 62; p. 109, n. 63.

APPEAL from chancery court of Quitman county.

HON. HARVEY McGEHEE, Chancellor.

Suit by Wesley Halliburton and another against Powell Crichton as executor of the will of Minna Lombard Crichton, deceased, and others. Decree of dismissal, and complainants appeal. Reversed and remanded.

*Lucy Somerville* and *Shands, Elmore & Causey,* for appellant.

I. A broker whose commission is to be paid from the proceeds of the sale is entitled to recover such commission when the failure of the sale is due to the fault of an owner of the property. *Roberts* v. *Kimmons,* 65 Miss. 332, 3 So. 736; *Shiriman et al.* v. *Weilberger et al.,* 125 Miss. 199, 87 So. 131; *Kelley* v. *Peacock,* 115 Miss. 555, 76 So. 547.

The court has held in the following cases that the broker was entitled to his commission although in each case the owner of the land endeavored to find some technicality to release him from his obligation to pay the commission. *Sunflower Bank* v. *Pitts,* 108 Miss. 380, 66 So. 810; *Ferguson* v. *Quick,* 117 Miss. 692, 78 So. 618; *Cook* v. *Smith,* 119 Miss. 375, 80 So. 777.; *Long* v. *Griffith,* 113 Miss. 659, 74 So. 613; *Delta Pine & Land Co.* v. *Wallace,* 83 Miss. 656, 36 So. 263.

In these cases, however, the commission was not to be paid from the proceeds of the sale as was the agreement in the case at bar. There is one case which we are quite sure will be cited to the court by the appellees; that is, the case of *Lee* v. *Greenwood Agency et al.,* reported in 123 Miss. 823, 86 So. 443.

There is one Mississippi case which seems to us to be directly in point. See *Stephenson* v. *Morris,* 69 Miss. 232, in which case Judge CAMPBELL's opinion follows the unanimous holdings of other jurisdictions. See *Realty Bonds & Finance Co.* v. *Port Richmond Canal & Land Co.,* 152 Pac. 434; *Pederson* v. *Yakima & East Selah Irrigation Co.,* 116 Pac. 279; *Staskey* v. *Smith,* 268 S. W. 1057; *Rabinowitz* v. *North Tex. Realty Co.,* 270 S. W. 579; *Vining* v. *Mo-La-Oil Co.,* 279 S. W. 747; *Singer Construction Co.* v. *Goldsborough,* 128 Atl. 754; *Ratzlaff* v. *Trainor-Desmond Co.,* 183 Pac. 269.

As set out in these cases, we submit that the right of the complainants in this case to their commission is plain; that they earned their commission is admitted by the agreement made between them and Mrs. Crichton which appears as Exhibit B to the bill of complaint.

II.   The allegations of the bill of complaint are suffi-- cient to charge the default of Mrs. Crichton and to require an answer by defendant's herein.   Chancellor Griffith in his recent book on Mississippi Chancery Practice has stated clearly the requisites as to certainty in a bill of complaint.   See section 298.

The bill in the case at bar clearly charges the default on the part of Mrs. Crichton and that as a result of her default and failure to carry out her contract these complainants have been injured to the extent of the loss of their commission.   The bill clearly apprises the defendants of the nature of the claim propounded against them and it clearly apprises them of the nature and form of the relief which is asked and, therefore, we maintain meets every requirement of a bill in equity.

The rule is on a general demurrer that a bill will not be subjected to refined and technical criticism and will only be required to reveal a real and substantial cause of action.   Griffith's Miss. Ch. Pr., section 291.

III.   The demurrer being general the special grounds of demurrer stated are not properly before the court. Griffith, sections 290-91.

*Boone & Lowrey,* for appellees.

I.   This suit was attempted to be filed under the provision of section 1737, Hemingway's Code, which section permits a creditor of the decedent, whose claim against the estate is registered, to file a petition "as the executor or administrator may, for the sale of the land or personal property of the decedent for the payment of debts; and the court shall hear and decide upon such petition and decree as if the application had been made by the executor or administrator."   Refer to section 1735, Hemingway's Code, which provides for the sale of lands by an executor or administrator.

Any action begun under the provisions of either section would be for the relief of all creditors and neither of them imply in any way that one creditor may seek relief from his debt and obtain a decree for the sale of land to satisfy his indebtedness alone.

This does not purport to be an action for the benefit of creditors generally and is in effect a personal suit for the benefit of appellants. Inasmuch as this is true, we cannot see how the chancery court of any county may entertain the action as the appellants have ample and sufficient remedy in the courts of law and such suit certainly could not be maintained in the chancery court against the decedent, Mrs. Crichton, were she now alive and a resident of the state of Mississippi. Sections 489 and 1758, Hemingway's Code.

If the appellants had any right of action against the decedent, Mrs. Crichton, over which the chancery court has no jurisdiction, her executor might properly be sued in the circuit court of Coahoma county, and might be summoned to this said court as provided by this statute.

It occurs to us that the real test of the jurisdiction and venue of the chancery court of Quitman county in this cause is whether the chancery court would have jurisdiction of a like cause filed therein against a living resident of the Second Judicial District of Coahoma county, for our statutes expressly provide for the survival of such action against the executor of a decedent and also expressly provide where such action may be brought. See section 1758, Hemingway's Code, providing for the survival of actions and section 489 of the same Code fixing the venue.

We, therefore, submit that a court of equity is without jurisdiction of this cause and that although the court might hold that such cause might be entertained by the equity court, it would be necessary that the suit be filed in the county in which the will of the decedent was admitted to probate and in which the executor was qualified.

The amended bill itself is not definite and complete enough in its allegations to require an answer from the appellees. It is not alleged that Mrs. Crichton ever specifically agreed to furnish a merchantable title. It is obvious that at the time of the making of the contract referred to, both parties thereto, as well as the appellants, realized the possibility of a failure of title.

The bill alleges that Mrs. Crichton neglected to do the things necessary to obtain a merchantable title which she might convey to Miller, but in no way specifically alleges the thing necessary to be done by her, neither does it allege that it was possible for Mrs. Crichton to obtain a merchantable title.

II. Admitting the jurisdiction and venue and admitting that the bill is sufficiently specific in its allegation to require an answer from the appellees, have the appellants stated a cause of action which would entitle them to recover a judgment or decree against the appellees?

Taking every allegation of the bill as true and admitting the jurisdiction and venue to be proper the facts alleged could not legally support such judgment or decree. *Lee* v. *Greenwood Agency Company et al.,* 123 Miss. 823, 86 So. 449, is conclusive in support of the contentions of appellees herein.

We cannot see from reading the case as reported on suggestion of error in 125 Miss. 177, where the court in any way modified its former decision, except that it allowed the broker to recover certain expenses which were shown by the correspondence between the parties to be necessary on account of an effort on the part of the broker to secure cancellation of certain leases, and it appears that the broker was specifically authorized to secure an option, cancel these leases and to incur the expenses incident thereto.

The principals stated in the Greenwood Agency Company case are fully supported in *Malone* v. *Dillard,* 102 So. 705; *Clark* v. *Hovey,* 105 N. E. 222; *Coleman* v. *Ed-*

*gar Lumber Co.*, 155 Ark. 275; *Preston* v. *Postell*, 300 Fed. 134.

*Lucy Somerville* and *Shands, Elmore & Causey*, in reply, for appellant.

I.   As to lack of jurisdiction, the complaint of appellees is that this is properly a legal demand, and further that if the suit could be brought at all, we would have to sue on behalf of ourselves and other creditors.   This question is settled by this court in *Allen, Adm.*, v. *Hillman*, 69 Miss. 225.

II.   As to improper venue, this question must be raised either by plea or by special demurrer, if the impropriety of the venue appears on the face of the bill.   Griffith's Ch. Pr., section 156.   No such special demurrer, motion to dismiss, or plea to the jurisdiction was filed in the court below and will not be considered by this court on appeal.

III.   Our whole case is based upon the allegations in the bill that the complainant neglected and refused to do the things which under the contract of sale she was obligated to do; or, in fact, to make any effort so to do; and we charge that such breach of contract on her part was the cause for the non-consummation of the sale.

It is quite evident that counsel for appellees have cited *Preston* v. *Postell*, 300 Fed. 134, without reading it.   We, in our initial brief, copied about one-half of the opinion in this case.   It certainly holds in language as strong as can possibly be used that if the contract is not carried out because of default on the part of the owner, he cannot plead this as a defense to the suit of the broker.   We again call this case to the attention of the court.

Counsel in "passing lightly over" the case of *Stevenson* v. *Morrison*, 69 Miss. 233, gives as a reason for so doing that this was personal property.   We have no case in Mississippi directly in point where real estate was in-

volved, but we find the same rule announced in *Stevenson* v. *Morrison,* applied by the courts of sister jurisdictions to real estate contracts, and the reasons given by them in those cases are the same reasons given by our court in *Stevenson* v. *Morrison.*

ANDERSON, J., delivered the opinion of the court.

Appellants Halliburton and Moore filed their bill in the chancery court of Quitman county against appellee, Powell Crichton, executor of the will of Minna Lombard Crichton, deceased, and the other appellees, the heirs at law and the devisees and legatees under her will, to recover from the estate of said decedent damages for an alleged breach of a contract between the appellants and the decedent, and to sell the lands of the decedent situated in Quitman county for the purpose of paying the debts of the estate, including the alleged indebtedness to appellants. Appellees demurred to the bill; the demurrer was sustained, and final decree entered dismissing appellants' bill. From that decree, appellants prosecute this appeal.

Leaving off the caption and formal part of the bill, including the exhibits thereto, the substance of which exhibits is sufficiently stated in the bill, a copy of the bill follows:

"Complainants would respectfully show unto the court that in the year 1923 and for a long time prior thereto, the complainants were partners, having their office and principal place of business in the city of Memphis, Tenn., and were regularly engaged in the business of real estate agents, selling and buying land for their clients, for a consideration moving to them from such clients.

"Complainants would further show:

"That at said time Mrs. Minna Lombard Crichton, now deceased, was the owner of the following described lands situate, lying and being in Quitman County, Mississippi, to-wit: West half of section thirteen, and east

half of the northeast quarter of section fourteen, in township eight, range eleven west; the fractional south half of section fourteen north of Chickasaw boundary line in township eight, range eleven west, two hundred thirty-seven and eighty-seven hundredths acres; all of fractional section twenty-three north of Chickasaw boundary line in township eight, range eleven west, twenty-nine and forty-nine hundredths acres; the fractional northwest quarter of section twenty-four north of Chickasaw boundary line west of Coldwater river in township eight, range eleven west, forty-nine and fifty hundredths acres; all of fractional section seventeen south of Chickasaw boundary line in township twenty-nine, range one west, thirty-six and forty-eight hundredths acres; lots three, four, five, six, seven, eight, and nine in section eighteen, township twenty-nine, range one west, three hundred sixteen and twenty-six hundredths acres; lots one, two, three, four, seven, eight, nine, and ten in section twenty, township twenty-nine, range one west, three hundred sixty-four and ninety-nine hundredths acres; lot four in section twenty-nine, township twenty-nine, range one west, twenty and fifty-four hundredths acres—the same containing in all one thousand four hundred fifty-five and thirteen hundredths acres, more or less, which said property was commonly known as the one thousand four hundred fifty-three acres, being the plantation purchased by Birdson and Cox from Mrs. Lombard.

"That at said time an agreement was entered into between the said Mrs. Minna Lombard Crichton, owner as aforesaid of the above described lands and these complainants, by the terms of which said agreement the said complainants undertook to endeavor to find a purchaser for said property, acceptable to the defendant, and at and for the price of one hundred nine thousand dollars, part to be paid in cash and part on time. In consideration for which the said Mrs. Crichton agreed that in the event the complainants should find such purchaser, so acceptable to her, for said land on such terms, that she would

pay to them the sum of five thousand dollars, as commission on such sale.

"Complainants would further show that after the making of said agreement with the said Mrs. Lombard, complainants set about endeavoring to make said sale of such property, and, after the expenditure of much time, labor, and trouble they found one John W. Miller, a citizen of Tate county, Miss., and procured the making of a valid and binding contract between the said Mrs. Minna Lombard Crichton and the said John W. Miller.

"Complainants would show: That the said proposed purchaser of said property was acceptable to said Mrs. Crichton. That complainants prepared for execution a contract, which was to be executed by the said Mrs. Crichton and the said John W. Miller, and submitted same to the respective parties for execution. That said contract was with some minor alterations executed by the said Mrs. Crichton and by the said John W. Miller, a copy of which said contract is hereto attached marked Exhibit A and asked to be taken and considered as a part of this bill of complaint as fully as if written at length herein.

"Complainants would further show that the said contract was in all respects a valid and binding instrument according to its terms and tenor and was so recognized by the said Mrs. Crichton during her lifetime, and by the defendant Powell Crichton, executor of the last will and testament of the said Mrs. Minna Lombard Crichton after her death, and by the said John W. Miller.

"Complainants call to the attention of the court that under the terms of the said contract of purchase upon the making of deed by the said Mrs. Crichton to the said John W. Miller he was to execute two certain notes for the sum of two thousand five hundred dollars each, bearing date of the day of the execution of the deed, and due November 15, 1923, which said notes were to be secured by deed of trust on the above-described property, and on the first fifty bales of cotton gathered from said plantation by the said John W. Miller during the year 1923.

"Complainants would further show that by agreement between the said Mrs. Minna Lombard Crichton, who was the same person as Mrs. Powell Crichton, and these complainants, the original contract, by the terms of which the said Mrs. Crichton was to pay five thousand dollars in cash to these complainants, was amended, which amendment was in writing and was made at or about the time of the execution of the contract of sale, by the terms of which the said Mrs. Crichton agreed on certain conditions to transfer, assign, and indorse over to these complainants the said two two thousand five hundred-dollar notes, a copy of which amended or substituted contract of employment is hereto attached marked Exhibit B and asked to be taken and considered as a part of this bill of complaint as fully as if copied at length herein.

"Complainants would further show that, having brought the parties together, and having procured the execution of a valid and binding contract between the said Mrs. Crichton and a person who is agreeable to her as a purchaser of said lands, they had fully complied with their contract of employment, and that no further duty rested upon them in the premises.

"Complainants would further show that recognizing her duty under the contract, the said Mrs. Crichton caused to be made an abstract of title of said lands and delivered the same to the said John W. Miller, purchaser, for inspection and examination by his attorneys; that the said attorneys found certain exceptions to the said title, which exception or exceptions the said Mrs. Crichton and her attorneys admitted were well taken and were defects on the title of said Mrs. Crichton, and prevented her title to said lands from being a merchantable title, and justified the said John W. Miller in declining to accept the deed until these defects in title had been remedied.

"Complainants would further show that it became and was the duty of said Mrs. Crichton to these complainants to do any and all things necessary to be done by the said Mrs. Crichton as conditions precedent to the execution of

the said two two thousand five hundred-dollar notes, by the said John W. Miller and the deed of trust securing same, and to compel the said John W. Miller to abide by the terms of said contract, after she had performed on her part, and to deliver the said two notes to these complainants under the terms and conditions of the written agreement between complainants and the said Mrs. Crichton as set out in Exhibit B hereto.

"Complainants would further show that the said Mrs. Crichton departed this life testate on the 25th day of August, 1923, more than sixty days after the time of the signing of the contract, and more than sixty days after the time which, under the terms of said contract, she should have compelled the execution of said notes referred to, and the deed of trust securing the same. ⟍

"Complainants would further show that during her lifetime the said Mrs. Crichton neglected to do those things necessary to be done in order to enable her to vest by warranty deed in the said John W. Miller a merchantable title to the above-described lands, and did not during her lifetime assign and transfer the two above-mentioned notes to these complainants, and the said Mrs. Crichton failed to make a reasonable effort to clear the title, but refused so to do.

"Complainants would further show that shortly after the death of the said Mrs. Crichton, her last will and testament was propounded for probate in the chancery court of the Second judicial district of Coahoma county, Miss., a copy of said will, which is attached hereto, marked Exhibit C and is asked to be taken and considered as a part of this bill of complaint as fully as if copied at length herein.

"Complainants call to the attention of the court the fact that Powell Crichton is named executor of the said will; also, that all interest in the above-described land, under the terms of said will, is devised to the said Powell W. Crichton, Sr., Powell Crichton, Jr., and Gloria Crichton,

named as defendant in the caption of.this bill, and that they are now the owners of said property.

"Complainants would show that within the time limited by the laws of the state of Mississippi, and in accordance with the statute in such cases made and provided, they propounded their claim for probate, and that the same was probated, allowed, and registered by the clerk of the chancery court of the Second judicial district of Coahoma county, Miss., in the manner required by law, a copy of which said claim is hereto attached, except that this copy does not contain the contract, Exhibit A hereto, and the substituted agreement, Exhibit B hereto, which are also Exhibits A and B to the original probated claim, and ask that this probated claim may be made Exhibit D and taken and considered as a part of this bill of complaint as fully as if copied at length herein.

"Complainants would further show that there is no inventory filed in the office of the clerk of the chancery court of the Second judicial district of Coahoma county, Miss., showing any money, choses, or rights of action belonging to said estate, nor is there any appraisement of any personal property belonging to said estate shown to be within the jurisdiction of this honorable court, or within the state of Mississippi, and they here charge upon information and belief that there is no personal property in the state of Mississippi which can be subjected to the satisfaction of the debts of the said Mrs. Minna Lombard Crichton.

"Complainants would further show that they have made frequent demands upon defendant Powell Crichton, executor as aforesaid, to pay their said claim, but he has hitherto wholly failed, neglected, and refused so to do.

"Complainants would show that the fair cash market value of the said notes at the time they should have been executed was five thousand dollars, and that they should have been executed on or before November 1, 1923,

and should have borne interest at the rate of six per cent per annum from date until paid.

"Complainants would further show that after the death of the said Mrs. Minna Lombard Crichton, her said executor began to enforce the said John W. Miller to comply with the said contract, and to execute the two said notes, but that either voluntarily and in violation of his duty to these complainants, or for a consideration moving to him from the said John W. Miller, likewise in violation of the duty of said executor to these complainants, the said executor forebore to insist upon the execution of said notes and abandoned his efforts to enforce the said contract or agreement with the said John W. Miller to release him, to the damage of the complainants in the full sum of the said two notes.

"Wherefore, the premises considered, complainants pray for lawful process for all of the defendants herein named, addressed to and executed upon them in the manner provided by law, commanding them and each of them to appear at the July rules of this honorable court then and there to answer or demur to this bill of complaint, but not answer under oath, answer under oath being hereby expressly waived as to all of the said defendants.

"Complainants further pray that upon the final hearing hereof the court will decree that the said Powell Crichton, executor of the last will and testament of the said Mrs. Minna Lombard Crichton, is justly and truly indebted to the complainants in the full sum of five thousand dollars, together with interest at the rate of six per cent. *per annum* from November 1, 1923, until paid, and will further decree that said amount of money be forthwith paid by the said executor, and that if not paid within ten days from the rendition of such decree that the above-described lands, or so much thereof as may be necessary, shall be sold in such manner as the court may direct for the purpose of paying said indebtedness and all costs of this proceeding.

"Complainants further pray that J. M. Causey, clerk and master of this court, be appointed a special commissioner for the purpose of making such sale, and that for the purpose of sale title to the above-described land be divested out of the said defendants and vested in the said J. M. Causey, as special commissioner, and that he be directed to make sale of said property in the manner provided by the Constitution and laws of the state of Mississippi, and under such conditions as the court may direct, and that he be directed to make report of his action at such time and place as may be pleasing to this honorable court, and that he be directed to sell so much of said land as may be necessary to raise a fund sufficient to pay the claim of these complainants, the costs of court, and the expense of the sale, and that he be directed from such funds so realized to pay these complainants the full amount of such decree as the court may render in favor of complainants and against the said Powell Crichton, executor as aforesaid.

"And if the complainants have failed to pray for the proper relief, they here and now pray for such other, further, different, and more general relief as the premises considered to the court may seem proper and as to equity and good conscience may appertain. And as in duty bound they will ever pray," etc.

It will be observed that the bill charges that during the lifetime of Mrs. Crichton she neglected to do those things necessary to be done in order to enable her to vest, by warranty deed, in John R. Miller, the proposed purchaser, a merchantable title to the land which she had contracted to sell and convey to Miller, and did not during her lifetime assign and transfer to appellants the first two purchase-money notes of two thousand five hundred dollars each for the land; that Mrs. Crichton not only failed to make a reasonable effort to clear the title to the land, but, on the contrary, refused to do so. It will also be observed from the allegations of the bill that appellants' commission for their services in making the sale

was dependent upon the sale being consummated; that their commission was to be based upon the price realized for the land.

Appellants' position is that it was the duty of Mrs. Crichton, under her contract of sale with Miller and under her contract with appellants, to use all reasonable means to perfect the title to the land so as to be able to convey to Miller by warranty deed a merchantable title hereto; that she failed and neglected so to do, and thereby breached her contract with appellants, for which they are entitled to damages in a sum measured by the amount of commission agreed upon between themselves and Mrs. Crichton. On the other hand, appellees contend, in the first place, that the bill failed to sufficiently allege a breach by Mrs. Crichton of her brokerage contract with appellants, and if the bill did sufficiently set out such breach, that, under the law, appellants were not entitled to recover their brokerage commission, because the sale of the land was not consummated, and no part of the purchase money was realized out of which to pay such commission.

To sustain their position, appellees cite, among other authorities, *Lee* v. *Greenwood Agency Co.*, 123 Miss. 823, 86 So. 449, in which case it was held that when the commission of a real estate broker is based upon the amount of purchase money to be received by the owner of the land, on failure to consummate the sale of the land, the broker was entitled to no commissions. But the court took care to say in that case that, in order to deprive the real estate broker of his commission, the failure to consummate the sale of the land must have resulted from no fault of the owner thereof. We think the bill in this case sufficiently alleges that the sale of the land was not consummated through the fault and neglect of Mrs. Crichton, the owner. There are numerous cases, and we think well-reasoned cases, in which the courts have held that, although the commission of a real estate broker is to be based on the amount to be realized from the consummated sale, nevertheless, if the sale is not consummated through

the fault of the owner of the land, there is a breach of contract by the owner with the real estate broker for which the latter is entitled to recover a reasonable compensation for his services rendered. *Realty Finance Co.* v. *Point Richmond Canal Co.*, 171 Cal. 238, 152 P. 433; *Pederson* v. *North Yakima & East Selah Irr. Co.*, 63 Wash. 636, 116 P. 279; *Staskey* v. *Smith* (Tex. Civ. App.), 268 S. W. 1057; *Rabinowitz* v. *North Texas Realty Co.* (Tex. Civ. App.), 270 S. W. 579; *Vining* v. *Mo-La Oil Co.*, 312 Mo. 30, 278 S. W. 747; *Singer Construction Co.* v. *Goldsborough*, 147 Md. 628, 128 A. 754; *Ratzlaff* v. *Trainor-Desmond Co.*, 41 Cal. App. 586, 183 P. 269; *Hamburger* v. *Thomas*, 103 Tex. 280, 126 S. W. 561; and *Preston* v. *Postel* (D. C.), 300 F. 134. The case of *Stevenson* v. *Morris Mach. Works*, 69 Miss. 232, 13 So. 834, is directly in point by analogy. It is true that that was not a case of the sale of land, but of the sale of personal property; but the reasoning of the court applies with equal force to the sale of land. That was an action to recover damages sustained by the plaintiff for an alleged breach of a contract made by the defendant with the plaintiff to fill the orders the plaintiff might obtain for the manufactured goods of the defendant.

Plaintiff's compensation for his services under the contract was to be a commission based on the amount of goods sold and delivered and paid for by the purchasers. The plaintiff based his right to recover on the ground that, through the fault of the defendant in failing to make prompt deliveries, purchasers declined to receive the goods, as they had a right to do; that defendant thereby breached its implied contract with the plaintiff, and the latter was entitled to recover damages based on his loss of commission on the price of such goods not delivered. The court said, in substance, that it seemed clear that there was an implied contract on the part of the defendant to ship the goods within a reasonable time; that this was not done in some instances; and that the plaintiff had the right to recover damages on account of

the defendant's failure to make prompt deliveries. The court said that the plaintiff might not be entitled to commission *eo nomine,* but he was entitled to damages measured by the commission which he was unjustly prevented from recovering by the defendant. We are of the opinion that appellants' bill states a cause of action for the recovery of damages for the alleged breach of contract between Mrs. Crichton and them.

The appellees contend that, even though the appellants stated a cause of action in their bill, the chancery court was without jurisdiction; that appellants' cause of action was based on a purely legal demand cognizable alone in a court of law. Mrs. Crichton's estate was being administered, under her will, in the chancery court of Coahoma county. The lands sought to be sold by the bill to pay the debts of the estate were located in Quitman county. Section 2070, Code of 1906 (Hemingway's Code, section 1737), provides:

"Any creditor of the decedent whose claim against the estate is registered, shall have the right to file a petition as the executor or administrator may, for the sale of land or personal property of the decedent, for the payment of debts; and the court shall hear and decide upon such petition, and decree as if the application had been made by the executor or administrator, and may order the executor or administrator to make the sale."

Appellants' claim against Mrs. Crichton's estate had been properly probated and registered when they filed their bill in this cause. The decedent, Mrs. Crichton, had no personal property in this state with which to pay debts. It was therefore necessary to sell her land situated in this state for that purpose. Under the above statute, any creditor of the estate of a deceased person whose claim against the estate has been probated and registered has the same right as the executor or administrator of such deceased person to file a bill for the sale of the lands of the estate to pay the debts of the es-

tate. *Cheairs* v. *Cheairs,* 81 Miss. 662, 33 So. 414; *Allen* v. *Hilman,* 69 Miss. 225, 13 So. 871.

Appellees further contend that the venue of the suit was wrong; that the bill ought to have been filed in the chancery court of Coahoma county, where the estate of Mrs. Crichton was being administered, and not in Quitman county where the lands sought to be sold to pay debts were situated. This question was not raised by the demurrer. Where the impropriety of venue appears on the face of the bill, the question of venue must be raised by a plea or a special demurrer. Mississippi Chancery Court Practice (Griffith), section 156, and authorities cited in notes. In sections 156 and 157, Griffith, in his Chancery Practice, treats of the subject of venue in the following language:

"Section 156. *The Practice in Raising Objections to Venue.*—The manner of raising the objection that a suit has been brought in the wrong county is by special demurrer if the same appear on the face of the bill; otherwise by motion to dismiss in substitution for the former remedy of a plea in the nature of a plea in abatement, and the order is, if the demurrer or motion be sustained, that the bill be dismissed without prejudice. Of course, the objection is one that concerns a personal privilege of the defendant and which he may therefore waive, and certainly this is true as to suits *in personam.* Consequently if he make the objection at all he must make it *in limine,* and before he has taken any steps whatever in defense on the merits.

"Section 157. *Waiver of Venue in Certain Cases.*— It follows that since a defendant may waive the venue, he may consent to a change of venue as to suits *in personam;* and it is reasonably clear also that by consent there may be a change of venue as to any except confirmation and cloud suits. As to the latter it is perhaps not competent to do so—it certainly is not in suits of that nature at law. In practical point, however, the matter of a change of venue by consent is unimportant because

by consent of the parties the chancellor may hear and determine a cause anywhere in vacation. The proper practice is therefore not to formally change the venue, but simply by consent to try the cause elsewhere returning the papers to and entering all orders and decrees, in the original county.''

We think the views therein expressed are supported by the authorities in this state.

*Reversed and remanded.*