## GOSSETT et ux. v. HARRIS et al.
### No. 4167.

Court of Civil Appeals of Texas. Texarkana.
March 17, 1932.

740

Seb F. Caldwell, of Mt. Pleasant, for appellants.

J. A. Ward, of Mt. Pleasant, for appellees.

LEVY, J. (after stating the case as above).

There is presented for decision the points in view, in effect, that (1) The special personal services rendered were by themselves a sufficient act of part performance, unaided by possession on the part of Mrs. Bessie Gossett, to entitle to specific performance; and (2) a sufficient possession of the premises by Mrs. Bessie Gossett and her husband of such a nature as the doctrine of specific performance requires was conclusively shown in the circumstances.

■■ Personal services rendered are generally regarded as a form of payment, and as such, in connection with actual possession and permanent and valuable improvements made on the premises, give rise to a right to specific performance of an oral agreement of a sale or of a gift of land. This is the established rule in this state. Wooldridge v. Hancock, 70 Tex. 18, 6 S. W. 18; Wootters v. Hale, 83 Tex. 563, 19 S. W. 134; Cauble v. Worsham, 96 Tex. 86, 70 S. W. 737, 97 Am. St. Rep. 871; Clegg v. Brannan, 111 Tex. 367, 234 S. W. 1076; Ward v. Etier, 113 Tex. 83, 251 S. W. 1028; and other cases. In qualification, though, of the general rule, under a general doctrine of equity, certain special kinds of services of a very personal nature, as care and attention of persons of old age, are in given cases not infrequently regarded as sufficient acts by themselves of part performance, unaided by possession or other act, to authorize a decree for specific performance. 33 Cyc. § 3, p. 673; 25 R. C. L. p. 589; 4 Pomeroy Eq. Jur. (2d Ed.) §§ 1401–1404. It is this doctrine that the appellants' first point above presented is predicated upon. The doctrine seems to be still left open and not affirmatively passed upon in this state. The courts of this state, however, seemingly would refuse to recognize it as a general rule. Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216. It has been definitely held in this state that ordinary personal services done in performance do not of themselves alone create such equities as to entitle to have decreed specific performance of the oral agreement. Ward v. Stuart, 62 Tex. 333; Henderson v. Davis (Tex. Civ. App.) 191 S. W. 358. Irrespective of whether the doc-trine would or would not be denied in this state, there is doubt, it is believed, of its application in the circumstances of this case. There is lack in the circumstances of equity, in the nature of the services rendered, and in the shortness of the period of time during which they were in fact rendered. The agreement relied upon for performance was "to move into the house with Will Harris and to live there and keep house for him and to prepare his food and care for him the balance of his life." The services were actually rendered for two years, to the sudden death of Will Harris. Will Harris was not shown to be in needy or indigent circumstances, or in any wise physically disabled or incapacitated or in need of personal nursing and special assistance. The services performed were, for the most part, the ordinary services of housekeeping, capable of valuation in money, and there was otherwise slight element of special personal service so out of the ordinary that it was impossible to measure the value by a pecuniary standard. The first point therefore must be, it is believed, overruled.

■ As respects the second point, there is required an examination of the evidence as to the sufficiency of the possession of the premises by the promisee in the light of the agreement. The evidence affirmatively shows that Bessie Gossett and her husband moved into the house in which Will Harris was residing as his home, occupying rooms therein, and became in fact members of his family. Bessie Gossett took charge of the household affairs and was the housekeeper and cook, as contemplated by the terms of the agreement. It is manifest that such services were in pursuance of the oral agreement and with the view of carrying it into execution, and that every duty resting upon Bessie Gossett thereunder and which she had undertaken to perform had been discharged and fully performed. But the evidence does not conclusively show, and doubt can be said to arise in the circumstances, that Bessie Gossett, the promisee, was in fact let into possession of the land in suit other than possession such as is involved in living in the house jointly with Will Harris. The special circumstances appear that the house was located upon a tract of land given over entirely to farming. While Will Harris, a bachelor, did not want to live alone and wanted the arrangement to have his niece and her husband to live with him for her services and companionship, yet, as appears, Will Harris was not in need of others younger and more able to work the farm. He was a farmer and was not contemplating at the time of the agreement, as inferable, the giving up of the actual management and control of the farm or farm work in return for the services to be performed by his niece. The oral agreement did not include in its terms the taking charge of the farm and working it by the promisee. The

promisee and her husband were only "to move into the house of Will Harris and live with him and keep house for him and prepare his food, and care for him the balance of his life." There was evidence going to show that Will Harris managed and controlled and conducted the affairs of the farm to his death. While it affirmatively appears that Bill Gossett made improvements and expended money on the premises, yet the character of the improvements and the expense incident thereto are not, as may be inferred, necessarily referable to a performance of any term of the oral agreement. The husband of Bessie Gossett was a plumber by trade and did not give up his trade in removing to the home of Will Harris, but carried it on as work was available. The improvements as henhouse, cow stalls, hogpen, and improved roadway might, in the judgment of the jury, be referable as intended by the parties, to mere common and permissive use of the house and in aid of the common expense of support, instead of in part performance of the oral agreement in suit. Cobb v. Johnson, 101 Tex. 440, 108 S. W. 811. There is involved in the verdict of the jury, as reasonably intended by their express finding, that although Bessie Gossett and her husband occupied the house jointly with Will Harris and made some improvements and incurred expense incident thereto, yet Will Harris did not in point of fact let Bessie Gossett and her husband into "the actual care, management and control of the land, and the exercise of ownership over it." It is believed the finding of the jury, made upon evidence to support it, is binding upon the appellate court, and may not properly be set aside. In view of that finding of fact the case is left without other possession on the part of Bessie Gossett and her husband than that involved in merely living all together in the home with Will Harris. There is not sufficiency of possession, as laid down in the cases cited and other cases, to entitle to specific performance unless there be taken by the promisee full actual or dominant possession of the property in suit.

It is believed the trial court has correctly decided the case, and the judgment is accordingly affirmed.