## SCHAWE et al. v. GILES et al.

### No. 8932.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1932.

Rehearing Denied Jan. 4, 1933.

E. B. & Howell Ward, of Corpus Christi, and R. E. McKie, of San Marcos, for appellants.

Kleberg & Eckhardt, John C. North, and M. G. Eckhardt, Jr., all of Corpus Christi, for appellees.

SMITH, J.

This action was brought by Mrs. Malinde Schawe, now deceased, against O. B. Carver and H. R. Giles to enforce specific performance of a contract to purchase six water front lots in the city of Corpus Christi, or, in the alternative, to recover damages for the breach of that contract. At the conclusion of the trial the court below directed the jury to return a verdict against the executors of Mrs. Schawe's estate, who had been substituted as plaintiffs. The executors, Wharton and Harry Schawe, have appealed.

In all the negotiations culminating in the alleged contract Mrs. Schawe was represented by M. O. Flowers and appellees by Dr. H. R. Giles.

The alleged contract, initiated by a long-distance telephone conversation between Flowers and Giles on April 7, 1926, is embraced in the following correspondence between those gentlemen:

"M. O. Flowers,
"Lockhart, Texas,
"April 7, 1926.

"Dr. H. R. Giles
"Corpus Christi, Texas
"Dear Sir:

"This is to confirm our conversation covering the sale to you by Mrs. C. T. Schawe, the six lots being lots Nos. 1 to 6, inclusive, in Water Block numbered 13 on the Beach Portion of Corpus Christi. The deed to be made to you and O. B. Carver for a consideration of $36,000.00, $18,000.00 cash on delivery of the deed and the remainder to be covered by three vendor's lien notes of $6,000.00 each, due in one, two and three years from their date and to bear interest from date, April 8th 1926, until paid at the rate of 7% per annum. Am sending the abstract of title to the Guarantee Title Company at Corpus to be supplemented to date and examined by them for you and deal to be closed within ten days from April 8th, on their examination.

"I neglected to tell you in our conversation that Theodore Schawe has permitted some poor persons named Finney to erect a small tent or shack on one of these lots with the understanding that he could occupy the land until sold and then move his shack off. Theodore is writing him to move his traps and I am sure that you will make no objections, for I understand what the man has has no value

except to himself. Please write me your confirmation, and oblige,

"Yours very truly,

"[Signed]   M. O. Flowers."

"April 10, 1926.

"Mr. M. O. Flowers,

"Lockhart, Texas.

"My dear Sir:

"Your letter of April 7, 1926, to hand confirming sale to myself and O. B. Carver of Block No. 13, Beach Portion of City of Corpus Christi, being 6 lots facing on Water Street with full riparian rights and situated between Power and Palo Alto streets and known as the Mrs. C. T. Schawe property. We confirm the purchase of said property at said prices and terms as mentioned in your said letter of April 7, 1926; but if agreeable to you and Mrs. Schawe we should like to have the three (3) north lots deeded to Dr. H. R. Giles and the three (3) south lots to O. B. Carver, making separate V/L notes covering each lot. Mr. Carver and myself are both perfectly responsible and having paid half in cash separate notes against each lot for $3,000.00 being three (3) notes for $1,000.-00 each would be perfectly good and just as well secured and in case of re-selling would simplify matters for us.

"This confirmation of purchase is conditioned on occupant vacating property with his shack, which am sure he will do when requested as stated by Mr. Theodore Schawe.

"Please write me at once if it will be satisfactory to deed the lots as mentioned and if so we can get the Guaranty Title Co. draw the papers and submit to you for approval, all of which can be done by the time title is examined. Our cash is ready as soon as title and etc. is approved and ready.

"Please write me at once. With kindest regards,

"Yours very truly,      H. R. G."

"April 13, 1926

"Dr. H. R. Giles

"Corpus Christi, Texas

"Dear Sir:

"Answering your letter of April 10th, in which you confirm the purchase of the six lots from Mrs. C. T. Schawe, will state that I have conferred with Mrs. Schawe and that she is willing to deed the three north lots to you and the three south lots to Mr. O. B. Carver, retaining the three notes against each lot separately as stated in your letter, the deeds and notes to be prepared there but without expense to Mrs. Schawe. When the deeds are prepared you will send them to me and I will get them executed by Mrs. Schawe and returned as heretofore. The abstract was sent by express on the 8th and I received notice today that it had not been delivered early Monday morning and I have asked the express company to trace it.

"I am notifying Mr. Feeny by letter that if he wants his shack to get it off of that lot.

It seems he was given permission by one of the Schawe boys to put a tent on the lot and that he might have the use of it for such purpose until further notice and they did not know until Theodore went down there that he had built a shack on it. He has been charged no rent and I am sure he will not make any objection to vacating it.

"Yours very truly     M. O. Flowers."

Appellees defended upon the grounds that there was no meeting of the minds of the parties upon the essentials of the contract; that the written memoranda of the alleged agreement was not sufficient to constitute a contract under the statute of frauds; that, even if a contract was made, appellants had not met the obligations thereof, in that they could not give title to riparian rights as provided in the agreement, and did not tender possession free from the occupancy of the man Finney; and that appellants did not tender separate conveyances to Carver and Giles, as provided in the contract.

We have reached the conclusion that the court erred in directing a verdict against appellants.

The question of whether the minds of the parties met in a definite agreement upon all essentials of the proposed contract must be determined from the express language as well as the whole context of the three letters quoted. Or, as better stated in Central State Bank v. Godfrey (Tex. Com. App.) 29 S.W.(2d) 1015, 1018: "In order to say that this series of letters shows a concluded contract, the letters must be taken together and construed as an integral whole, and the result must show that the point was reached in the negotiations where the parties understood each other and that the terms proposed by one were acceded to by the other. Patton v. Rucker, 29 Tex. 402; Summers v. Mills, 21 Tex. 77."

So tested, it easily becomes apparent that the contract here provides, besides the description and price of the property, and the details of working out and completing title, as follows:

1. The title was to be passed in one conveyance of the six lots to appellees, jointly; or, at the option of appellants, in separate conveyances of three designated lots to each of the appellees, with their joint notes in the first case, or separate notes in the second.

2. The title to be conveyed was to include "full riparian rights" belonging to such property.

3. The caretaker of the property, Finney, was to vacate and remove his shack from the premises upon completion of the sale.

Much is said by appellees of the indefiniteness or uncertainty of the agreement concerning the method of conveyance and division of deferred payments of the purchase price. It is obvious from the plain language of the

contract that the parties specifically and definitely agreed that the conveyance should be by one deed to appellees jointly, and that the deferred payments should be evidenced by the joint notes of appellees, and secured by the vendor's lien upon the whole property. It is true that after expressly agreeing to the foregoing stipulation appellees requested the vendor to convey the property in two deeds each to three lots to appellees separately; the deferred obligations to be evidenced by the separate notes of the appellees and secured by separate liens accordingly. But this departure from the contract was but a mere request, and not a condition, in which the vendor acquiesced, provided appellees would prepare the necessary papers, without expense to the vendor. This request was not pursued by appellees by a tender of the required papers. It was but an incident to the contract and had no vital influence thereon. It is obvious from the correspondence that the parties so regarded it at the time, and so is it obvious from the record at large that it was set up in this litigation as an afterthought.

■ We overrule appellees' objection to the alleged contract as being insufficient under the statute of frauds. We think the correspondence clearly expresses a complete and definite contract, without offense to any requirement of the statute of frauds.

There is no merit in appellees' contention of a failure of the condition in the contract for "full riparian rights" accompanying the property. The record shows that all the riparian or littoral rights, incident to water front property such as this, will pass unimpaired to appellees with the conveyance tendered them by appellants.

■ Nor is there any merit in appellees' contention that appellants breached their obligation to rid the premises of the presence of Finney, the caretaker. At least, the record presents a question of fact upon that issue, which the court erred in withholding from the jury.

■ It is not our purpose to foreclose any question of fact, by what has been said in this hurriedly written opinion. The question of possession is one of fact, as may be other questions affecting the diligence of the parties in meeting the requirements of the contract in the matter of timely making, removing, or meeting objections to title, and the waivers thereof. But of course the matter of construing the contract, in the absence of allegations and proof of ambiguity, fraud, accident, or mistake, is one purely of law, to be resolved by the court without the aid of a jury.

Because of the errors pointed out, the judgment is reversed and the cause remanded.