**Sue STRONG et vir, Appellants,**

v.

**Otillie JOLLEY, Appellee.**

**No. 11187.**

Court of Civil Appeals of Texas.

Austin.

April 15, 1964.

Louis H. Owen, III, Arthur Mitchell, Austin, for appellants.

E. M. DeGeurin, Austin, for appellee.

PHILLIPS, Justice.

This case involves an appeal from a summary judgment granted appellee, defendant, in the trial court. Appellant in this Court and plaintiff below sued the appellee for specific performance of a contract to convey realty and for damages for breach of said contract. Appellee answered and filed a cross action for damages against appellant because of the loss of a sale of the property in question to a third party. The court granted appellee's motion for a summary judgment as to appellant's cause of action then severed appellee's cross action for trial at a later date.

We reverse and remand the case for trial as we hold there were fact issues raised by appellant's pleading which should have been passed upon before a valid judgment could be entered in the case. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

Appellant, as purchaser, entered into a contract of sale with appellee as vendors, for certain land. The contract was entered into on May 30, 1958 for a total purchase price of $700. Appellant paid $13.54 down which left a balance of $686.46 to be paid in monthly payments beginning June 1, 1958. The contract further provided that in event of default in any of the covenants therein contained then the seller (appellee) at her option could declare the agreement null and void and all payments made up to that time would be considered the fair rental value of the property.

The installments from June through September 1958 were paid as agreed. Following this no installments were paid for seventeen months. On February 19, 1960 appellant made eighteen payments in a lump sum and brought the contract up to date. The appellee accepted the payments. Thereafter appellant made the monthly payments until July 1960. The August 1960 payment was made on September 8, 1960, and the September 1960 payment was made on December 13, 1960. The October through December 1960 payments and the

January and February 1961 payments were made on January 17, 1961.

As of the January 1961 date thirty four payments had been made and accepted totaling $460.36. Out of these thirty four payments, twenty one had been paid late and accepted late.

From March 1961 through May 1962, appellant made no payments.

On May 31, 1962, appellant received a note from appellee stating that appellee "presumed the agreement was off."

On June 8, 1962, appellant wired appellee the full balance due under the contract which was $379.66. The draft was forwarded by Western Union to appellee; however, on June 9, Western Union reported to appellant that the draft had been returned for cancellation.

On June 11, 1962, appellant received a letter from appellee stating that appellee "would prefer to handle this as we originally agreed * * * have cancelled payment of the Western Union Money Order * * *."

Appellant is before this Court on four points of error. The first complaining that an issue of fact exists as to whether or not in accepting past payments without insisting that the same be paid as provided for in the contract appellee had waived her rights to strict enforcement under the terms; or, that appellant by appellee's conduct in accepting delinquent installments has been lulled into a false sense of security wherein appellee is now estopped from asserting a forfeiture inasmuch as appellant had been induced to believe that appellee did not intend to strictly enforce the forfeiture provisions of the contract. Appellant's second point of error complains that appellee accepted appellant's late payments without complaint precluding appellee as a matter of law from forfeiture of the contract without giving appellant actual notice that payment of the amount past due was demanded and allowing appellant a reasonable time to pay. Appellant's third point of error is that her pleadings raise the fact that the legal title to the land was being held by appellee as collateral for the payment of a loan by appellant to appellee and that there are facts to show that a constructive trust arose in appellant's favor to the land in question. Appellant's fourth point of error is that the court erred for holding as a matter of law that no cause of action existed in appellant's favor for damages because of appellee's alleged breach of the contract for the sale of land to appellant.

Appellant also alleges in her petition that she has placed valuable improvements on the property in question that are worth many times the value of the land contracted for.

The Texas courts have held that the law looks with disfavor upon a forfeiture in connection with a contract for the sale of land. The vendor of lands remedy by recission has been declared to be a harsh and stringent one especially when a part of the consideration has been paid, and it is sought to forfeit the payment and recover or resell the land. Tom and Wife v. Louise Wollhoefer et al., 61 Tex. 277; Baines v. Clinton Park Development Co., Tex.Civ.App., 224 S.W.2d 729.

In 43-A Tex.Jur., Sec. 536, page 577 the general principles regarding waiver or estoppel in a situation such as the case at bar are set out. The right to claim a forfeiture for the purchaser's default may be lost or waived by the vendor. The right may be waived by agreement or by conduct on the part of the vendor in affirmance of the contract and indicating that he regards it as still subsisting, notwithstanding a default by the purchaser, or by showing an intention not to treat time as being of the essence of the contract, citing cases.

In the case before us, a majority of the payments made and accepted were late thus raising a fact situation under the law applicable to waiver or estoppel.

There has also been a fact question raised as to improvements placed on the property in question by appellant. In Moore v. Giesecke, 76 Tex. 543, 13 S.W. 290, the Supreme Court stated:

"The remedy by rescission is not favored, and, as has been said, slight circumstances, when they may be properly treated as indicative of a purpose upon the part of the vendor not to insist on that remedy, may be treated as a waiver of the right to rescind, unless its maintenance becomes necessary to enable the vendor to enforce the payment of the consideration for which he contracted to sell the land; and, when a suit for the recovery back of the land has been brought, where any portion of the purchase money has been paid, or where valuable and permanent improvements have been placed upon the land by the vendee, or by purchasers under him, and the defendant, when sued, brings into court, and offers to pay, the balance of the purchase money, with costs of suit, unless there exist strong countervailing equities, the money ought to be received, and a recovery of the land denied."

Should the appellee have lost her right to insist upon a forfeiture by the establishment of facts evoking any of the above-mentioned rules of law such right may have been restored by notice to appellant fixing a new time for payment or performance. However, such notice must have allowed appellant a reasonable time within which to comply with the contract. See 43-A Tex. Jur. Sec. 539 and the cases there cited. Also see 107 A.L.R. 345.

Appellee's letters to appellant presents a fact situation as to whether they were sufficient to reinstate a right to forfeiture, assuming that such right has been lost, also whether appellant was given a reasonable time in which to pay the balance due on the property and whether such balance was tendered within a reasonable time.

Fact situations were also presented with respect to appellant's pleadings that title to the property in appellee was merely a mortgage securing a debt owing appellee by appellant, and with respect to appellant's claim for damages for breach of contract. See Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985; A. L. Carter Lumber Company v. Saide, 140 Tex. 523, 168 S.W.2d 629.

 In passing on a motion for summary judgment, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the opposite party is entitled to the benefit of every reasonable inference which can be properly drawn in his favor. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233.

The judgment of the trial court is reversed and the cause is remanded for a new trial in accordance with this opinion.

Reversed and remanded.