**Carmen Keever de GARZA, Appellant,**

v.

**Simon T. GARZA, Appellee.**

**Motion Nos. A4186, A4186(A).**

Court of Civil Appeals of Texas, San Antonio.

Oct. 8, 1980.

Rehearing Denied Nov. 20, 1980.

---

Thomas Rocha, Jr., (on appeal) San Antonio, for appellant.

Ralph Langley, Robert Russo, Foster, Lewis, Langley, Gardner & Banack, Allan K. DuBois, San Antonio, for appellant.

Pat Maloney, Jr., San Antonio, for appellee.

## OPINION

PER CURIAM.

On Appellee's Motion to Affirm on Certificate and Appellant's Motion to Compel Clerk to File Record.

Appellant, Carmen Keever de Garza, seeks to appeal from a judgment rendered

by a Bexar County district court in a divorce case. Appellee, Simon T. Garza, has filed a motion to affirm on certificate because of appellant's failure to file the record in this Court within the 60–day period prescribed by Rule 386, Tex.R.Civ.P. Appellant has responded by filing a motion that we order the Clerk of this Court to file the record tendered by her on August 29, 1980.

The trial of this case, without intervention of a jury, began on February 11, 1980. On April 19 the trial court wrote to the attorneys requesting the preparation of a decree in conformity with the findings and conclusions included in such letter. On May 7 appellee's attorney submitted a proposed judgment and on May 22 appellant's counsel, by letter, objected to some of the provisions contained in such proposed judgment. On May 23 appellant's attorneys told her that they did not intend to represent her on appeal and advised her concerning the steps necessary to perfect an appeal and the times during which such steps should be taken.

On May 24 appellant wrote a letter to the trial judge making known her dissatisfaction with the judgment which the trial court was preparing to enter. She characterized the trial court's announced conclusions dividing the estate of the parties as unfair and complained of the portion of the proposed judgment requiring her to pay her attorneys $46,000.00. In the final paragraph of her letter appellant stated that she knew the judge was extremely busy and added that she hoped the judge would have "five minutes to go over those papers." This letter was filed with the papers in the case on May 30.

On June 2 the trial judge wrote to all attorneys in this case and stated that he would render judgment along the lines previously proposed, with minor changes. This letter did not mention appellant's letter of May 24.

On June 4, a copy of the proposed final judgment was forwarded to appellant's attorneys, who forwarded it to appellant on June 6.

The judgment was signed on June 6. On June 17, one day after expiration of the 10–day period prescribed by Rule 329b for filing a motion for new trial, appellant's attorneys, by letter, again informed appellant they would not represent her on appeal. Appellant retained her present counsel, who filed a motion for new trial on June 28. On July 3 the trial court signed an order overruling appellant's motion for new trial and appellant filed her appeal bond on that date.

Since the June 28 motion for new trial was not timely filed, neither it nor the order overruling the motion for new trial on July 3 can be considered in computing the time within which the record was required to be filed in this Court. Therefore, under Rule 386, in the absence of a motion for extension of time, the record was required to be filed in this Court not later than August 5, 1980, 60 days after June 6, the date of rendition of the judgment. The Clerk of this Court had no authority to accept and file the record tendered on August 29.

Appellant contends that her letter to the trial judge, filed on May 30, constituted a prematurely filed "pro se motion for new trial," which, under Rule 306c, must be considered as having been filed on June 6, the date of rendition of the judgment, but subsequent to such rendition. Therefore, appellant concludes, there was a motion for new trial pending on July 3, the date of the order overruling appellant's motion for new trial, and the record was required to be filed in this Court no later than September 2, 60 days after the date of the order overruling the motion for new trial (the 60th day, September 1, was a legal holiday). Under this theory, appellant timely tendered the record for filing on August 29.

We cannot accept appellant's theory that her letter to the judge can be considered as a motion for new trial. While that letter makes manifest appellant's dissatisfaction with the judgment which the trial judge had announced he proposed to enter, it does

not pray that such judgment be set aside or that the case be retried.[1]

In the instrument, designated as a motion for new trial, filed by appellant on June 28, she alleges that she was unable to file a motion for new trial within 10 days after the rendition of the judgment and points out that the June 28 motion was "submitted to the Court to set aside the judgment in part under subdivision 5 of Rule 329b," which permits the trial judge, in the absence of a timely motion for new trial, to set aside its judgment if such action is taken within 30 days after the rendition of such judgment.

It is clear that the phrase "in part" in the portion of the June 28 motion quoted in the preceding paragraph cannot be construed to mean that such motion was submitted "in part" under the provisions of subdivision 5 of Rule 329b. This statement in such motion is immediately followed by statements making it clear that appellant "does not seek a new trial" as to the portions of the judgment dissolving the bonds of matrimony, setting aside to appellant her separate property and divesting appellee of title to property belonging to the children of the marriage. It is patent that the use of the phrase "in part" was for the purpose of making known to the trial court that appellant sought a new trial only as to a part of the judgment.

The motion to compel the Clerk to file the record tendered on August 29 is denied.

It follows that appellant's failure to timely file the record in this Court requires that appellee's motion to affirm on certificate be granted.

The judgment is affirmed.

---

1.  *Cf. Bryan v. General Electric Credit Corporation,* 553 S.W.2d 415 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ) and authorities therein cited at pp. 418-19.