**Carmen K. GARZA, Appellant,**

v.

**Simon T. GARZA, Appellee.**

No. 16902.

Court of Appeals of Texas,
San Antonio.

Dec. 30, 1983.

Rehearing Denied Feb. 2, 1984.

Thomas Rocha, Jr., San Antonio, for appellant.

Pat Maloney, Jr., Richard Terrell, Law Offices of Pat Maloney, San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from an order enforcing a final decree of divorce. Appellant had previously challenged the divorce decree by direct appeal, however, this court affirmed the judgment on a certificate. The record was not timely filed. *See Garza v. Garza*, 608 S.W.2d 260 (Tex.Civ.App.—San Antonio 1980, writ dism'd). The trial court granted appellee's motion for enforcement of judgment which is the basis for the appeal.

The decree of divorce was entered following a hearing before the trial court. As part of the decree, the property of the parties was divided as required by TEX. FAM.CODE ANN. § 3.63 (Vernon 1975). Simon Garza was divested of the real property at 8122 and 8106 Hausman Road, Bexar County, Texas, and the property was awarded to Carmen Keever de Garza as her sole and separate property, subject to the payment of the balance due on the note secured thereby and *subject to an "option" granted to Mr. Garza* "to buy this item of real property ... for the sum of One Hundred Eleven Thousand Six Hundred and No/100 Dollars ($111,600.00) and the assumption of the debt thereon, which ... must be exercised within ninety (90) days after the entry of [the decree]...." If the "option" was not exercised within the time period, the award of the property to Mrs. Garza was to be complete and final.

On September 3, 1980, Mr. Garza, through his attorney of record, filed with the trial court, a "Notice of Exercise of Option," with a copy served on Mrs. Garza through her attorney of record.

On March 31, 1981, Mr. Garza filed a motion to enforce judgment in an attempt to compel Mrs. Garza to convey the Hausman Road property to him. Following a hearing on the matter, the trial court entered an order enforcing judgment, requiring Carmen to execute all instruments necessary to effect the conveyance.

Appellant's initial point of error alleges the trial court erred in finding in its order of enforcement that Mr. Garza had a valid and binding option to purchase the real property on Hausman Road. Appellant argues the invalidity of the option based on a lack of authority of the trial court to so divide the property.

TEX.FAM.CODE § 3.63 (Vernon Supp. 1982–1983) provides that:

(a) In a decree of divorce ... the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party ...

This section gives the trial court the power and the duty to divide the estate of the parties. The trial court may divide the property, separate and community, in such a manner that may seem just and right and proper to the court. *Brooks v. Brooks,* 561 S.W.2d 949, 951–52 (Tex.Civ.App.—Tyler 1978, no writ); *Hensley v. Hensley,* 496 S.W.2d 929, 931 (Tex.Civ.App.—El Paso 1973, no writ). Texas courts have interpreted § 3.63 as giving the trial court broad discretion in distributing the property of the parties to a divorce action. *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974); *Campbell v. Campbell,* 554 S.W.2d 10, 11–12 (Tex.Civ.App.—Fort Worth 1977, no writ); *Wetzel v. Wetzel,* 514 S.W.2d 283, 285 (Tex.Civ.App.—San Antonio 1974, no writ).

The specific and principle issue of the case at bar concerns the option, granted by the court, that appellee-husband could purchase the real property on Hausman Road.

The relevant and pertinent part of the final judgment and decree of divorce provides as follows:

It is therefore ordered, adjudged and decreed that the following properties be and the same are hereby set aside and awarded to the respondent, Carmen Keever de Garza, as her sole and separate property, subject to the further orders of this court with respect thereto as set forth hereinbelow.

\* \* \* \* \* \*

3. The real property at 8122 and 8106 Hausman Road (legal description omitted).

The award of this item of real property to respondent is made to her subject to an option hereby granted to petitioner, Simon T. Garza, to buy this item of real property from respondent, Carmen Keever de Garza, for the sum of one hundred eleven thousand six hundred and no/100ths dollars ($111,600.00) and the assumption of the debt thereon, which option must be exercised within ninety (90) days after the entry of judgment, if such option is not exercised within that period of time, the award of this item of real property to respondent, Carmen Keever de Garza, shall be complete and final.

Appellant contends that the trial court did not have authority to delegate to the husband the right to decide who would receive the property on Hausman Road. We do not agree, for such is not the true import of the divorce decree. The final judgment and decree of divorce is not included in this record but we have a copy attached as an exhibit which indicates that it was rendered and filed June 6, 1980. On September 3, 1980, appellee filed with the trial court the "notice of exercise of option," with a copy served on appellant through her attorney of record.

The record reflects that the trial before the court, without jury, started February 11, 1980, and all parties were present and represented by their respective attorneys; appellant as the original petitioner

took a non-suit with respect to her action for divorce, but the trial continued and the original petitioner became respondent. On June 2, 1980, the trial judge wrote to the attorneys stating he would render judgment *along the lines previously proposed,* with minor changes. The court did not consider a previous letter from appellant objecting to a part of the judgment. The final judgment rendered on June 6, 1980, was approved as to form by the attorneys for both parties. Appellant's motion for a new trial was not timely filed and overruled. This Court, in *Garza v. Garza, supra,* stated:

> We cannot accept appellant's theory that her letter to the judge can be considered as a motion for a new trial. While that letter makes manifest appellant's dissatisfaction with the judgment which the trial judge had announced he proposed to enter, it does not pray that such judgment be set aside or that the case be retried.

608 S.W.2d at 261–62. Additionally, the trial judge's letter to the attorneys of record saying that he would render judgment along the lines previously proposed can only mean that there was an agreement as to the division of community property. The district court, therefore, in the exercise of its jurisdiction and pursuant to the agreement by the attorneys of record, resolved all the questions concerning vested community property rights including the option in question. The prior judgment is not subject to collateral attack under these circumstances. *See Ex parte Sutherland,* 526 S.W.2d 536, 539 (Tex.1975). Thus, we conclude that the point of error constituted a collateral attack on the original divorce decree, which is not permitted. *See Ex parte Burson,* 615 S.W.2d 192, 194 (Tex. 1981). An erroneous judgment is not void. If the trial court erred, the error was of substantive law and could only be remedied by direct attack on the judgment. *Williams v. Williams,* 620 S.W.2d 748 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.). Hodges, *Collateral Attacks on Judgments* 41 TEXAS L.REV. 499–521 (1963).

■ Appellant would have us interpret the "option" according to contract principles, which would be the correct procedure if the decree was an agreed judgment. *Ex parte Jones,* 163 Tex. 513, 358 S.W.2d 370 (1962). But, this is not an agreed judgment and in accordance with the established rule will be read as a whole and the use of particular words or phrases are not conclusive. *Constance v. Constance,* 544 S.W.2d 659 (Tex.1976). The notice sent to the trial court and appellant's attorney was sufficient. The tender of funds necessary was a prerequisite to a transfer of title and not for exercising the option.

■ In making a division of property in a divorce proceeding, the trial judge is given wide discretion which will not be disturbed on review unless there is a clear showing of abuse. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981); *Young v. Young,* 609 S.W.2d 758, 762 (Tex.1980); *McKnight v. McKnight,* 543 S.W.2d 863, 866 (Tex.1976); *Cockerham v. Cockerham,* 527 S.W.2d 162, 173 (Tex.1975). *See generally,* McKnight, *Husband & Wife,* 37 SW. L.J. 65, 93–97 (1983). An appellate court will indulge every reasonable presumption in favor of a proper exercise of discretion of the trial court in dividing the property of the parties. *Van Dyke v. Van Dyke,* 624 S.W.2d 800, 802 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Price v. Price,* 591 S.W.2d 601, 605 (Tex.Civ.App.—Tyler 1979, no writ). Division of community property by the trial court is not disturbed on appeal unless it appears from the record that division was clearly the result of an abuse of discretion. *Mogford v. Mogford,* 616 S.W.2d 936, 944 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.); *See Marriage of Higley,* 575 S.W.2d 432, 435 (Tex. Civ.App.—Amarillo 1978, no writ). We find no abuse of discretion in the division of the Garza property and in the option given Mr. Garza.

■ Appellant herein previously filed an appeal from the judgment rendered by the Bexar County District Court in the divorce case. We take judicial notice that this court affirmed the trial court's judgment.

*Garza v. Garza, supra; See also* TEX.R. CIV.P. 387. The Supreme Court in *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942), addressed this issue and stated: "It is the established law of this State that courts may take notice of their own records and a former judgment may be held to be conclusive in a subsequent action when the record shows a judgment rendered in a case involving the same subject matter between the same or practically the same parties, even though no plea of *res judicata* was interposed in the subsequent suit." 158 S.W.2d at 763.

The instant case involves the same parties and the same subject matter. An appellate court may go to its prior decisions for the law that is applicable to or determinative of the question of law under review. *Victory v. State*, 158 S.W.2d at 763. The validity of the option having been sustained by this court, we may take judicial notice of that decision as "being applicable to and determinative of the question of law under review." *See Victory v. State*, 158 S.W.2d at 763. Under the rule of *res judicata*, a judgment is a final adjudication, not only of matters actually determined, but also of all other matters which the parties might litigate in the cause, and which they might have had decided. *Freeman v. McAninch*, 87 Tex. 132, 27 S.W. 97, 99 (1894); *Valley Oil Co. v. City of Garland*, 499 S.W.2d 333, 335 (Tex.Civ.App.— Dallas 1973, no writ). More recently, the Supreme Court in *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768 (Tex.1979), stated:

> The doctrine of *res judicata* states that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal. The scope of *res judicata* is not limited to matters actually litigated. The judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.

582 S.W.2d at 771–72 (and cases cited therein).

All the requirements of *res judicata* have been shown in this cause. We therefore conclude that the judgment in the divorce case is *res judicata* on the issue of the option given to Mr. Garza. The desirability of stable decisions and economy of court time, policy considerations underlying the doctrine of *res judicata*, require this holding. *See Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d at 772; *see* Steakley & Howell, *Ruminations on Res Judicata*, 28 SW.L.J. 355, 358–9 (1974).

Further justification requires this holding. In affirming the trial court judgment in the previous appeal, this appellate court, in effect, certified that the trial court had jurisdiction, that its judgment was final as to all matters determined and also as to every matter which the parties might have litigated. *See Garlington v. Wasson*, 279 S.W.2d 668, 677 (Tex.Civ.App. —Eastland 1955, writ ref'd n.r.e.), *cert. denied*, 352 U.S. 979, 77 S.Ct. 38, 1 L.Ed.2d 364 (1957). In the case at bar, appellant on appeal from an order for the enforcement of the judgment seeks to relitigate the same issues involving the same subject matter. An appellate court may protect its judgment against the maintenance of an appeal by a party against whom it had previously rendered a judgment. *See Long v. Martin*, 116 Tex. 135, 287 S.W. 494, 495 (1926). The Supreme Court has stated, "[W]e conceive it to be the duty, as well as the right, of the appellate court to exercise its original jurisdiction to enforce its judgment." *City of Dallas v. Dixon*, 365 S.W.2d 919, 923 (Tex.1963). We, therefore, hold that appellant has failed to show an abuse of discretion by the trial court, that this appeal constitutes an impermissible collateral attack on the judgment, and further that the appeal is barred by *res judicata*. We overrule appellant's first point of error.

We have reviewed and considered appellant's other points of error and find no reversible error. In consideration of this, our holding in regard to appellant's first point of error is dispositive of the remaining points of error.

The judgment is affirmed.

CANTU, Justice, dissenting.

I respectfully dissent.

This is an appeal from an order enforcing a final decree of divorce that had been entered on June 6, 1980. Appellant had originally attempted to attack the decree by direct appeal, but this Court in *Garza v. Garza*, 608 S.W.2d 260 (Tex.Civ.App.—San Antonio 1980, writ dism'd), affirmed on certificate the trial court's judgment due to appellant's failure to timely file the record.

The decree of divorce was entered following a hearing before the trial court. As part of the decree, the property of the parties was divided as required by TEX. FAM.CODE ANN. § 3.63 (Vernon 1975). Simon Garza was divested of his interest in the community real property at 8122 and 8106 Hausman Road, Bexar County, Texas, and the property was awarded to Carmen Keever de Garza as her sole and separate property, subject to payment of the balance due on the note secured thereby and subject to an "option" granted to Mr. Garza "to buy this item of real property ... for the sum of One Hundred Eleven Thousand Six Hundred and No/100 Dollars ($111,-600.00) and the assumption of the debt thereon, which ... must be exercised within ninety (90) days after the entry of [the decree]...." If the "option" was not exercised within the time period, the award of the property to Mrs. Garza was to be complete and final.

On September 3, 1980, Mr. Garza, through his attorney of record, filed with the trial court, a "Notice of Exercise of Option," with a copy served on Mrs. Garza through her attorney of record.[1]

On March 30, 1981, Mr. Garza filed an instrument entitled Motion to Enforce Judgment in an attempt to compel Mrs. Garza to convey the Hausman Road property to him.

On April 9, 1981, Mrs. Garza filed a Plea in Bar and Reply to Motion to Enforce Judgment. In her pleading, appellant denied having received tender of the purchase price called for in the option. Appellant alleged that appellee's motion to enforce judgment was an attempt to require specific performance of the option and, therefore, a separate lawsuit should be filed. Specifically, appellant claimed that the questions of whether there was a valid option and whether there was a true and timely exercise of the option were fact questions for a jury.

Following a *hearing* on appellee's motion, the trial court entered an order enforcing judgment. Such order required Mrs. Garza to execute all instruments necessary to effect the conveyance. In response to the court's order, various other pleadings were filed by appellant. On May 6, 1981, an Amended Order Enforcing Judgment was entered by the trial court in which Mrs. Garza was again ordered to convey the property to appellee. Findings of fact and conclusions of law were filed on July 23, 1981.

In her fifth point of error, appellant alleges she was entitled to a jury trial on the issue of whether appellee was entitled

---

1. The "Notice of Exercise of Option" leaves no doubt that Mr. Garza understood the option to be one of a right to purchase:

Comes now Simon T. Garza, Respondent in the above proceeding, and exercises his option to purchase real property and shows the court as follows ...

The trial court's Findings of Fact and Conclusions of Law also recognize the granting of an option to purchase ... real estate ... An "option" to purchase land is a "contract" by which the owner agrees with another that the latter shall have the right to buy the property within a specified time, but the owner does not thereby sell the property, nor agree to do so, but merely sells the right or privilege to buy at the election of the opposite party. *Ferguson v. Seggern*, 434 S.W.2d 380 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.); *Hamburger & Dreyling v. Thomas*, 118 S.W. 770, 773 (Tex.Civ.App.1909), *aff'd*, 103 Tex. 280, 126 S.W. 561 (1910).

to specific performance. I agree with appellant's contention.

The judgment of the trial court granted Mr. Garza an option to purchase the Hausman Road property. By the granting of the option, the trial court, as a practical matter, was imposing a potential contract on the parties. Should appellee have sought to properly exercise the option, a contract would have arisen between the parties. In essence then, a separate lawsuit was being created should a question arise as to the timeliness and manner of the acceptance.

In order to be enforceable, the option had to be exercised before the offer lapsed. *See Sheppard v. Andrews*, 7 N.C.App. 517, 173 S.E.2d 67 (1970); J. CALAMARI & J. PERILLO, CONTRACTS § 2–27 (2d ed. 1977). Although it was undisputed that Mr. Garza gave notice on September 3, 1980, to appellant's *attorney of record,* certain issues were clearly in dispute, namely, the issues as to whether *Mrs. Garza* actually received *timely notice* of appellee's exercise of the option and whether there was a *timely tender* of the purchase price within the ninety (90) day period. Such questions were raised in the pleadings and remained unresolved at the time of the hearing. Therefore, these crucial fact issues, upon timely demand, should have been submitted to a jury in a separate suit for specific performance rather than simply heard before the trial court.

It is noteworthy that the court itself, recognized, at the time of the hearing, that there was an issue as to whether proper tender had been made. In fact, the court even allowed the parties to elicit testimony regarding the matter.

Appellant sought to enforce the option by filing a "motion to enforce judgment." As a general rule, a court having jurisdiction to render a particular judgment has inherent power and authority to enforce it. *See Ex parte Gonzalez*, 111 Tex. 399, 238 S.W. 635 (1922); *Taylor v. Taylor*, 348 S.W.2d 226 (Tex.Civ.App.—Houston 1961, no writ); 46 AM.JUR.2d *Judgments* § 898 (1969). Such power and authority, however, extends to those cases where the rights of the respective parties have been declared and all that remains is the issuance of process or orders to carry its terms into execution. *Smith v. Miller,* 66 Tex. 74, 17 S.W. 399 (1886); *Swafford v. Holman,* 446 S.W.2d 75 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.).

Although appellee labeled the action a "motion to enforce judgment," in actuality, he sought specific performance of the alleged option contract, since the judgment itself was not self-executing.

An option to buy or sell land, more than any other form of contract, contemplates a "specific performance" of its terms. *Dickinson v. McKenzie,* 197 Ark. 746, 126 S.W.2d 95 (1939); 71 AM.JUR.2d *Specific Performance* § 142 (1973). Moreover, the law is clear that either party is entitled to a jury in a suit for specific performance. *See Strong v. Jolley,* 378 S.W.2d 344 (Tex.Civ. App.—Austin 1964, no writ); *Arredondo v. Mora,* 340 S.W.2d 322 (Tex.Civ.App.—El Paso 1960, writ ref'd n.r.e.); *Schawe v. Giles,* 55 S.W.2d 588 (Tex.Civ.App.—San Antonio 1932, writ ref'd); *Gossett v. Harris,* 48 S.W.2d 739 (Tex.Civ.App.—Texarkana 1932, no writ); *Burroughs v. Smith,* 294 S.W. 948 (Tex.Civ.App.—Fort Worth 1927, writ ref'd); 52 TEX.JUR.2d *Specific Performance* § 141 (1964).

A motion to enforce is clearly distinguishable from a suit for specific performance. While a motion to enforce is generally a legal remedy, ancillary to a prior proceeding, a suit for specific performance is an equitable remedy and takes on the nature of an independent lawsuit. Moreover, a motion to enforce may be brought at any time, while a suit for specific performance is governed by a four year statute of limitations. *See* TEX.REV.CIV.STAT.ANN. art. 5531 (Vernon 1958).

Although I am unable to find a case exactly on point, *Browning v. Holloway,* 620 S.W.2d 611 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam,* 626 S.W.2d 485 (Tex.1981), warrants attention. In *Browning,* plaintiffs sued · defendants alleging the breach of duties imposed by express and implied trusts. The parties sought to settle the suit by reading into the

court record a "stipulation of settlement." Plaintiffs later announced their repudiation of the settlement agreement and set the case for trial on the merits. Five days prior to the trial, a hearing was held to dispose of all preliminary matters preparatory to trial. One of the "preliminary matters" considered was defendant's "Motion to Enforce Stipulation of Agreement." Testimony was received at the hearing on the motion to enforce at which time plaintiffs objected that they were denied a jury trial on relevant factual matters. Defendants countered that plaintiffs were not entitled to a jury trial because they failed to request trial by jury or to pay the necessary fee. Thereafter, the court entered judgment from which an appeal was taken. *Id.* at 613–614. One of the issues on appeal was whether the trial court erred in failing to afford plaintiffs a jury trial on a disputed issue of fact, namely, whether there had been a repudiation of the settlement agreement. *Id.* at 613.

In response to this question, the Dallas Court of Civil Appeals stated:

[t]he case ... never reached the point where relevant factual issues were properly resolved, and so remains undeveloped. The error lies ... in failing to try factual matters relating to the defensive issues, and to the merits of the case if necessary, before a jury.

*Id.* at 615–616. Moreover the Court held:

Because we consider the agreement to be an executory accord, we can affirm the trial court's judgment only if we conclude that the court impliedly found no repudiation by the defendants *and* no damages for breach of the contract, both of these issues being raised by the pleadings. Under the facts of this case, the court was not justified in trying these fact issues without a jury.

*Id. at 617.*

In the instant case, certain defensive matters were also raised. Appellant alleged appellee had neither timely notified her of his exercise of the option nor had appellee timely tendered the purchase price. Only after these matters were properly resolved in favor of appellee, could the option be properly enforced. Therefore, I believe the trial court in the case at bar, erred in failing to submit these issues to a jury.

It follows that if appellee sought to enforce the option, he could do so only by filing a separate suit for specific performance. By labelling the cause of action a "motion," rather than a suit for specific performance, appellee successfully deprived appellant of a jury trial. TEX.R. CIV.P. 21 states, in pertinent part:

An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon the adverse party not less than three days before the time specified for the hearing ...

Appellee clearly complied with the notice requirement set out above. He filed his "motion" on March 30, 1981, and the fiat on the "motion" was signed by the judge on March 31, 1981. A hearing was set for April 9, 1981. By cleverly filing the "motion" within ten days prior to the hearing and by mailing a copy to appellant sometime on or after March 31, 1981, appellee clearly precluded appellant from complying with the jury demand requirements set out in TEX.R.CIV.P. 216.[2]

It is undisputed, however, that appellant sought a trial by jury. *Cf. Browning,* 620 S.W.2d at 617. Upon examination of the transcript filed with this cause, the Court states in its finding of fact and conclusions of law:

The Court finds that CARMEN KEEVER de GARZA was not entitled to a jury trial when demanded on the morning of

---

**2.** No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance.

the hearing of the Motion to Enforce the Judgment.

Taking into consideration the fact that appellant was precluded from complying with Rule 216, appellant did all she could to secure a jury trial.

There is nothing in the record before this court as to whether appellant's jury demand was accompanied by the payment of a jury fee. Ordinarily, a jury demand is insufficient to secure the jury trial right unless accompanied by payment of the jury fee. *Browning*, 620 S.W.2d at 617 citing TEX.R.CIV.P. 216. However, Rule 216 requiring payment of the jury fee is not to be strictly construed; it is directory rather than mandatory. *Id.* Accordingly, if it would not injure the adverse party and would not disrupt the court's docket, then it is error to deny the right to trial by jury. *Id.*

I would reverse and remand for a retrial before a jury.