**Carmen Keever De GARZA, Appellant,**

v.

**Simon T. GARZA, Appellee.**

No. 04–85–00191–CV.

Court of Appeals of Texas, San Antonio.

March 26, 1986.

Rehearing Denied June 20, 1986.

Thomas Rocha, Jr., San Antonio, for appellant.

J. Elaine Watson, Pat Maloney, Jr., San Antonio, for appellee.

Before ESQUIVEL, BUTTS, and BISSETT,* JJ.

OPINION

BISSETT, Justice (Assigned).

This is an appeal by Carmen K. Garza from an order enforcing a judgment rendered in a prior divorce proceeding between her and Simon T. Garza. Carmen K. Garza will be referred to as "appellant" and Simon T. Garza will be referred to as "appellee."

This appeal marks the parties' third appearance before this Court in the protracted history of their divorce litigation. Twice before appellant has unsuccessfully appealed the action of the trial court in dividing the couple's community property. Those prior appeals will hereafter be designated *Garza I*, 608 S.W.2d 260 (Tex.Civ.App.—San Antonio 1980, writ dism'd) and *Garza II*, 666 S.W.2d 205 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

In *Garza I*, the trial court rendered a final judgment on June 6, 1980. Under the terms of the judgment, the parties were divorced and their community property was divided. The real property located at 8122 and 8106 Hausman Road, in San Antonio, Texas, was set apart in severalty to appellant as her separate property, subject, however, to the following provisions contained in the judgment:

... The award of this item of real property to Respondent is made to her subject to an option hereby granted to Petitioner, SIMON T. GARZA, to buy this

---

\* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to TEX.REV.CIV.STAT.ANN. art 1812(d) (Vernon Supp.1986).

item of real property from Respondent, CARMEN KEEVER de GARZA, for the sum of One Hundred Eleven Thousand Six Hundred and no/100 Dollars ($111,-600.00) and the assumption of the debt thereon, which option must be exercised within ninety days (90) after the entry of this judgment. . . .

\* \* \* \* \* \*

Additionally, it is ORDERED, ADJUDGED and DECREED that the law firm of Foster, Lewis, Langley, Gardner and Banack, Inc. is awarded judgment of Fifty-Nine Thousand Two Hundred and 42/100 Dollars ($59,215.42), plus interest at the judgment rate of nine percent (9%) per annum from the date of judgment hereon to the date paid, against the Respondent, CARMEN KEEVER de GARZA, which judgment shall be secured by a judgment lien on the real property at 8122 and 8106 Hausman Road, New City Block 14615, Lots P–9, P–10 and P–11A, and the real property on Wild Eagle, University Hills, San Antonio, Bexar County, Texas, New City Block 14470, Block 15, Lots 12 and 13, plus all other properties awarded to Respondent in this Decree; provided, however, if Petitioner, SIMON T. GARZA, exercises his option to purchase the Hausman Road property, then the first Fifty-Nine Thousand Two Hundred Fifteen and 42/100 Dollars ($59,215.42), plus interest as set forth hereinabove, of the One Hundred Eleven Thousand Six Hundred and No/100 Dollar ($111,600.00) sum set as part of the purchase price of this realty under the option created hereinabove shall be paid directly to the law firm of Foster, Lewis, Langley, Gardner & Banack, Incorporated, thereby releasing the aforesaid Langley lien, with the remaining proceeds of the option sale to be paid directly to Respondent, CARMEN KEEVER de GARZA, and for which let execution issue. . . .

This Court, on October 8, 1980, affirmed on certificate the judgment of the trial court in *Garza I* when appellant failed to timely file the records.

On March 30, 1981, appellee filed a motion to enforce the judgment in an attempt to compel appellant to convey the Hausman property to him. The trial court granted the motion and rendered a judgment enforcing the judgment which had previously been rendered on June 6, 1980. Thereafter, on May 6, 1981, the trial court signed an order denominated "Amended Order Enforcing Judgment." This order, in pertinent part, provided:

1. CARMEN KEEVER de GARZA is ORDERED to execute all instruments necessary to effect the conveyances as ordered by the Final Judgment and Decree signed by Judge Fred Shannon on June 6, 1980, in the 225th Judicial District Court, filed in the 225th Judicial District Court.

2. It is ORDERED that Respondent, DR. SIMON T. GARZA'S, option to purchase real property at 8122 and 8106 Hausman Road, more fully described in Paragraph NO. 3, Page 2, of the Final Judgment and Decree of Divorce, is valid and binding, and CARMEN KEEVER de GARZA is ORDERED to execute all instruments necessary to effect the option; and that SIMON T. GARZA be allowed to purchase said property subject to the lien on the property.

3. It is ORDERED that SIMON T. GARZA be allowed a credit for all monies he has paid to sustain mortgage payments this [sic] property and more particularly described in Exhibit 'D' of the Motion to Enforce Judgment. This amount is to be deducted from the option price of One Hundred Eleven Thousand Six Hundred Dollars ($111,600.00); no offset being allowed for improvements made by SIMON T. GARZA to said land.

4. It is ORDERED that CARMEN KEEVER de GARZA is to be allowed a credit for any rental funds received by DR. GARZA on the property located at 8122 and 8106 Hausman

Road. This amount is to be added to the option price of One Hundred Eleven Thousand Six Hundred Dollars ($111,600.00).

Appellant appealed that judgment. This Court, in *Garza II*, affirmed the judgment, and, as noted, our Supreme Court refused to grant appellant's application for a writ of error with the notation "no reversible error."

Appellant refused to comply with the judgments rendered in *Garza I* and *Garza II*. After the application for writ of error was refused by the Supreme Court in *Garza II* and mandate was duly issued by this Court, both appellant and appellee filed several pleadings concerning the prior judgment. Each filed a motion to enforce the judgment; and a motion "for Clarifying Order Coupled with Order of Enforcement."

Hearings were held on the several motions on December 14, 1984. No witnesses testified for either party and no documents were introduced in evidence. The hearings consisted solely of arguments made by the attorneys and statements made by them to the judge, and observations made by the judge. At the hearing on December 17, 1984, appellant testified on a bill of exception. In summary, she testified that appellee had never tendered the $111,600.00 to her, and had never deposited the option price into the registry of the court. She does not complain of the action of the trial court in refusing to permit appellant to testify at the hearing in chief. Therefore, the action by the trial court is not before us in the appeal as there is no point of error directed at such action.

An order was signed by the judge on February 8, 1985. It decreed:

It is accordingly, ORDERED, ADJUDGED and DECREED that Respondent's motion for enforcement of judgment is hereby GRANTED; that the terms and conditions of the Amended Order Enforcing Judgment of May 6, 1981, is hereby deemed enforceable; and that subject to the tendering of ·the monies as calculated by the Amended Order

Enforcing Judgment if Carmen Keever de Garza fails to abide by the terms and conditions of this Order she will be found to be in contempt of this Court.

On March 1, 1985, appellant filed a motion for new trial. In addition to other complaints lodged against the order of February 8, 1985, appellant complained that the order "is so vague as to be unenforceable." She further stated:

Both parties had asked in their pleadings for a clarification order under Section D of the Family Code but the trial court failed to enter such order.

Thereafter, on March 7, 1985, appellee filed a "Notice of Tender of Funds" in the trial court. An "Amended Notice of Tender of Funds" was filed on March 12, 1985. In the amended notice, appellee agrees that under the prior judgments, the option price for the Hausman property was the sum of $111,600.00 and the assumption by him of the debt on the property. He stated therein that the $111,600.00 should be offset by certain sums of money, pursuant to the terms of the original judgment of June 6, 1980 *(Garza I)* and the terms of the order of May 6, 1981 *(Garza II)*. Those sums of money were stated to be:

| | | |
|---|---|---|
| 1. | To the law firm of Foster, Lewis, Langley, Gardner & Banack, Inc. | $59,215.42 |
| 2. | Interest to the above law firm on the above sum of money | 25,391.24 |
| 3. | Offsets | 4,445.22 |
| | Total | $89,051.88 |

In summary, the total amount of money to be deducted from the option price of $111,600.00 is $89,051.88. The sum to be actually paid to appellant after allowing the above deduction is $22,548.12.

Appellant's motion for new trial was heard on March 11, 1985, and was overruled by order signed on April 1, 1985. The order overruling the motion for new trial contained findings of fact in accordance with the computations, offsets and deductions set out in the Amended Notice of Tender of Funds filed by appellee, and in addition, decreed:

The option monies as recited in the Amended Order Enforcing Judgment of May 6, 1981, is as follows: $111,600.00 less $4,445.22 which is the offset mortgage payments paid by SIMON T. GARZA and rental income received by same, as is reflected in the Amended Order Enforcing Judgment of May 6, 1981, less $59,215.42 for attorney's fees plus interest of 9% per annum from date of judgment to March 11, 1985, leaving a total option price due to CARMEN KEEVER de GARZA of $22,548.12

■ The action by the trial court in ordering compliance with the judgments in *Garza I* and in *Garza II* is the basis for the present appeal. The judgment is attacked in eight points of error. Appellant contends: (1) the court did not have jurisdiction to modify the final judgment of June 6, 1980 (second point); (2) there is no evidence to show that Simon T. Garza made a valid tender of the purchase price (third point); and (3) the evidence is insufficient to show that Simon T. Garza made a valid tender of the purchase price (fourth point).

Appellant, in support of her second point, states that the amended order enforcing judgment of May 6, 1981 was void *ab initio* since it modified a judgment which had become final. She does not attack the judgment which was rendered subsequent to May 6, 1981 and it is that judgment which is before us in this appeal. The trial court had jurisdiction of the case here presented. Concerning the "no evidence" and "insufficient evidence" points relating to tender of the purchase price, those issues were resolved against appellant in *Garza II*. This Court in its opinion found that there was a timely exercise of the option to purchase the Hausman property and that there was a valid tender of the purchase price. Appellant admits as much in her brief, but she says that the finding of valid tender "was palpably incorrect." Be that as it may, the issue of "valid tender" is not open to discussion or review in this appeal. We take judicial notice of this Court's judgments in the two previous appeals, and that this Court has heretofore affirmed the trial court's decisions in *Garza I* and in *Garza II*. This appeal constitutes an impermissible collateral attack on the two judgments heretofore rendered by the trial court. Therefore, this appeal is barred by the principles of *res judicata* and the doctrine of the law of the case, as so ably and clearly set out by Justice Tijerina in *Garza II*, at pages 208–209. Appellant's second, third and fourth points of error are overruled.

■ Next, we consider appellant's first point of error, wherein she says that the trial court erred in denying her a trial by jury. Appellant filed a motion for enforcement of judgment under "Article 3827a, V.A.T.S.," and for clarification of judgment under "Subchapter D of Chapter 3, Family Code." She asked for a jury trial "regarding enforcement under 3827a." Appellee filed a motion to remove the proceedings from the jury docket. All matters in controversy were tried before the court, sitting without a jury.

The purpose of TEX.REV.CIV.STAT. ANN. art. 3827a (Vernon Supp.1986) is to aid a diligent creditor in obtaining timely satisfaction of his or her judgment, and it was enacted for the benefit of judgment creditors. *Schliemann v. Garcia,* 685 S.W.2d 690, 692 (Tex.App.—San Antonio 1984, no writ). The statute does not apply to the instant case. Appellant is not a "judgment creditor," but is a "judgment debtor." Accordingly, the enforcement procedures provided by the statute cannot be invoked by her.

Appellant, by filing a Motion to Enforce and Clarify Under Subchapter D of Chapter 3 of the Family Code, has obviated a trial by jury on any issue relating to said enforcement or clarification. Section 3.70(e) of Subchapter D provides that "Neither party may demand a jury trial if the procedure to enforce a decree provided by this subchapter are invoked." Therefore, for this additional reason, she is not entitled to a jury trial on any issue related to the enforcement or clarification of the Final Decree of Divorce or the Order Enforcing said Judgment. All questions before

the trial court were questions of law, not of fact. Appellant's motions are nothing more than an attempt to relitigate issues which have already been decided by the district courts and upheld by the appellate courts. She is not entitled to a jury trial on her motions under the rule of *res judicata.* The first point of error is overruled.

We have carefully reviewed appellant's fifth, sixth, seventh and eighth points of error (her remaining points), and find no reversible error. The points are overruled.

Appellee has filed a cross-point, wherein he requests that this Court assess a penalty against appellant as provided by Rules 435 and 438, Texas Rules of Civil Procedure (Vernon 1985). We decline to do so and overrule the point. However, review of the litigation between the parties convinces us that the appellant either failed to understand the judgments of the trial court in *Garza I* and *Garza II,* or that she is determined not to comply with the provisions contained therein pertaining to the Hausman property. However, it should now be clear to her that (1) the option to purchase such property has been timely and validly exercised by appellee; (2) a valid tender of the purchase price has been timely made to appellant by appellee; (3) the purchase price is $111,600.00, plus the adjustments for the mortgage payments made by appellee and the rental income received by him; (4) the deductions for attorney's fees and interest thereon at the rate of 9% per annum were decreed by the trial court in the original judgment; (5) appellee, under the provisions of the judgment, was entitled to pay such attorney's fees and interest thereon directly to the attorneys and to deduct such amount of money from the purchase price of $111,-600.00; and (6) appellant was never entitled to receive directly from appellee the sum of $111,600.00 in cash. Had appellant conveyed the Hausman property to appellee on September 3, 1980, when appellee exercised his option, the only deductions against the purchase price would have been $59,215.42 due the aforesaid law firm for attorney's fees, plus interest thereon at the rate of 9% per annum from June 6, 1980, until paid.

The order signed by the trial court on February 8, 1985 is a general enforcement order of the existing judgment of May 6, 1981. The order signed on April 1, 1985, which overruled appellant's motion for new trial, is a clarifying order which clearly sets out the purchase price of $111,600.00, the several sums of money to be deducted by appellant and paid by him to third parties, and the balance to be paid by appellee to appellant. The clarifying order correctly sets forth the exact payments to be made by appellee and is specific to enforce compliance with the terms and provisions of the two previous judgments.

It is time that this litigation be concluded. While we do not assess any penalty against appellant in this appeal, undoubtedly the question will arise in the future if appellant still refuses to convey the Hausman property to appellee. In that case, we will decide all issues, including penalties, which may be brought before us in the fourth appeal.

The judgment of the trial court is affirmed.